## NORTH'S ADMINISTRATORS *vs.* PEPPER.

Where there is a covenant for the sale and purchase of a farm, the conveyance to be made and the consideration to be paid at a *future day*, if previous to the stipulated day the *purchaser* gives notice to the *vendor* that he has made up his mind to abandon the contract and not accept a deed, it is enough to support an action of covenant by the vendor to allege such notice, and it is not necessary in such case to aver a *tender* of a deed or *readiness to perform.*

In an action against the purchaser, the averment of the execution of a deed, notice to the purchaser and a demand of performance on his part is equivalent to an averment of *tender* of the deed.

It seems, that in such cases it is only necessary to aver *a readiness to perform,* and that a *tender of the deed* need not be alleged.

Nor is it necessary that the plaintiff should allege that he had *title* to the premises agreed to be conveyed ; if such defence exists it must be shown by plea.

North's adm'rs v. Pepper.

DEMURRER to declaration. The plaintiffs in the *first* count of the declaration set forth an agreement under seal between the intestate, *Robert North*, and the defendant, *Elijah Pepper*, bearing date 15th December, 1837, whereby the intestate agreed to sell and convey to the defendant a farm for the sum of $3200, and that on *the first day of May*, then next, he would execute to the defendant a proper conveyance of the farm in fee, containing a general warranty and the usual full covenants; and the defendant agreed on the first day of May, on the execution of the conveyance, to pay the above sum. For the faithful performance of which agreements, the parties bound themselves each to the other, in the sum of $500, which were declared *liquidated damages.* The plaintiffs aver that on the sixth day of *January*, 1838, the defendant gave notice in writing to the intestate, that *he had made up his mind not to take his farm*, and that the defendant had ever since wholly failed to perform the agreement on his part, and had not paid the liquidated damages. In the *second* count after setting forth the agreement, the plaintiffs aver that the intestate *in his lifetime* executed a conveyance in fee of the farm to the defendant, containing the covenants as specified in the agreement; and the intestate *in his lifetime*, and the plaintiffs his administrators, *since his death*, had the deed *ready to be delivered* to the defendant *on the first day of May*, 1838, *and ever since*, on receiving from the defendant the contract price; and that the intestate in his lifetime, and the plaintiffs, administrators as aforesaid, since his death *have at all times been ready and willing* to perform and fulfil all things in the agreement contained, on the part of the intestate to be performed and fulfilled, and to execute and procure to be executed, such conveyance on the first day of May, 1838, and since on receiving the contract price; and although the defendant had notice of the premises and was requested by the intestate in his lifetime, and by the plaintiffs, administrators as aforesaid, since his death, to pay the said sum of $3200 upon the execution of such conveyance, yet the defendant had not paid the said sum of $3200, nor the sum of $500. The plaintiffs then allege the *granting of letters of*

*administration to them, on the thirteenth day of April,* 1838, and conclude in the usual form. To this declaration the defendant interposed a *general demurrer,* and assigned as special causes, the following : 1. That it is not alleged in the first or second count that the intestate or his heirs, &c. were the owners of the premises to be conveyed, and had good right to convey ; 2. That it is not alleged in the first count that the intestate or his heirs, &c., have at any time *been ready and willing* to perform the agreement ; 3. That the second count is incongruous, in stating that the *intestate* had the deed *ready* to be delivered *on the first day of May,* and that *letters of administration* were granted to the plaintiffs on the *thirteenth day of April* preceding ; and 4. That the plaintiffs show no authority in themselves to *deliver* the deed after the death of the intestate, nor allege any matter showing why the title to the premises, the subject matter of the agreement, on the death of the intestate *did not descend to his heirs at law.*

*H. Swift,* for the defendant.

*H. M. Romeyn,* for the plaintiffs.

*By the Court,* NELSON, Ch. J. In the first count there is no averment of a *tender* of the deed, or readiness to deliver it ; but it is averred that before the first day of May, to wit, on 6th January preceding, the defendant by writing gave notice to the plaintiff that he had determined not to take his farm, had abandoned the agreement and refused to perform, &c. Upon well settled rules of pleading, this dispensed with an *offer* or readiness to perform on the part of the plaintiff, as it showed that such step would have been but an idle ceremony. 1 Chitty, 318. Dougl. 684. 1 T. R. 683. 5 Cowen, 506. Conceding that the defendant might recall this discharge of performance before the time for the execution of the deed, he must set it up by way of plea ; or on a denial of the alleged rescindment, he might, I think, give it in evidence at the trial, and thus disprove the discharge in legal effect. But unless he avails himself of the

*locus penitentiæ* in some way, it is clear that proof of the averment in the declaration would dispense with performance on the part of the plaintiff.

The second count avers the execution of a deed agreeably to the terms of the covenant, ready to be delivered to the defendant at the stipulated time; also that notice was given to him, demand of the money and refusal. This is abundantly sufficient, as it is substantially an averment of a tender, and refusal to perform. The better opinion seems to be, that it is enough to aver a *readiness to perform,* as under it an *actual tender* would be required in proof, if essential to maintain the action. *Rawson* v. *Johnson,* 1 East, 203. 2 Bos. & Pull. 448. 1 Saund. 320, (c). 2 id. 352, (z). 1 Chitty, 318. 5 Johns. R. 179.

It is said the plaintiff, in cases like this, should aver title in himself at the time of conveyance. This has been done here, if the covenant on the part of the intestate implies so much. Besides, the defendant may raise the question by putting in the proper plea. 17 Wendell, 376.

It is further urged, that the readiness to deliver the deed *by the plaintiffs,* who are administrators, as set forth in the second count, shows no authority on their part to deliver it. This averment, as it respects the plaintiffs, may be rejected as surplusage, as the count is complete without it; the testator having done every thing necessary to give the right of action.

Judgment for plaintiff.