Carpenter *v.* Brown.

———————◆———————

SAME TERM.  *Before the same Justices.*

CARPENTER *vs.* BROWN.

Where, upon the sale and purchase of land, the vendor covenants to deliver a deed of the premises on a certain specified day, and the purchaser has paid the consideration and there is nothing for him to do as a condition precedent, the duty of the vendor, to deliver the deed on the day fixed, is absolute. He should therefore prepare the deed, and be ready to deliver it when demanded. One request, (even if any request is necessary,) is enough to put him in default.

In an action for the breach of such an agreement, a request or demand need not be laid specially. It is sufficient for the plaintiff to allege, generally, that the defendant was often requested to execute a deed. The omission to allege a time and place is not an available objection to the declaration, in arrest of judgment, or on general demurrer.

Where the declaration, in such a case, alleged a refusal, and a continued refusal, by the defendant, to execute a deed, although often requested ; *Held* that such allegation both implied and excused a special request by the plaintiff, and was therefore sufficient.

The dictum of Savage, Ch. J. in *Connelly* v. *Pierce*, (7 *Wend.* 129,) that when a vendee does not tender a deed ready drawn he should call on the vendor and request the execution of a deed, and after waiting a reasonable time, call again to receive it, overruled.

ERROR to the common pleas of Madison county. The facts are stated in the opinion of the court.

*W. J. Hough*, for the plaintiff in error.

*S. T. Fairchild*, for the defendant in error.

Carpenter *v.* Brown.

*By the Court,* GRIDLEY, J. This is a writ of error, brought to review the judgment of the court of common pleas of the county of Madison. Carpenter prosecuted Brown in that court in an action of covenant upon a sealed agreement, reciting that one Hepsibah Tainter had sold and assigned to the defendant, certain five acres of land which he had formerly sold to her ; and that the defendant had sold to the said plaintiff the same five acres of land and received his pay in full therefor, and then *covenanting* to give the said Carpenter a good warranty deed of the said five acres, on the first day of April, 1843. The plaintiff then averred that the defendant did not on the first day of April, 1843, nor at any time since, execute to the plaintiff a deed of the said five acres, pursuant to said agreement ; but that on the contrary thereof, the said defendant, though often requested so to do, had hitherto wholly neglected and refused to execute such deed, &c. The defendant pleaded a special plea to this declaration, in which he set up as a defence that after the said first of April, 1843, and before the commencement of the said suit, the plaintiff obtained an article of one J. D. Ledyard for the said five acres, thus preventing the defendant from procuring a deed from said Ledyard, of the premises which the defendant had purchased by contract. To this plea, the plaintiff demurred, and assigned for special causes of demurrer, 1st, that the defendant did not show that said article was obtained before the breach of the covenant, and 2dly, that it was not averred in the said plea that the defendant was either incapacitated or discharged from performing his contract by the acts of the plaintiff. The defendant joined in demurrer, and the court below gave judgment against the plaintiff, on the ground that the declaration was insufficient. There were other issues of fact, which have been found for the plaintiff, with which however this writ of error has nothing to do.

It is not claimed, upon this argument, that the plea can be supported either on principle or authority ; but it is strenuously argued that the declaration is *bad in substance.* If it be, then the judgment of the common pleas can not be disturbed.

The defendant's counsel insists that it was incumbent on the

plaintiff to *demand* the execution of the deed; to *wait a reasonable time* for the defendant to execute it; and then *again demand* its delivery; and several authorities are relied on for this principle. In the case of *Hubbard* v. *Fuller*, (6 *Cowen*, 1,) the action was on the common counts to recover back the consideration money, on the ground that the contract was rescinded. By the contract, the money was payable by instalments, and it was provided that after the whole was paid the vendor should convey. The money was not punctually paid, and the last balance was not paid until long after the last instalment was payable by the terms of the contract. The vendor was dead, and the heirs from whom the deed was to come were numerous and scattered. It was in reference to such a case that the court held that a demand of the executors alone was not enough. And that decision was manifestly right. The money not having been paid at the time when the same was due, the representatives could not foresee when the last sum would be paid, so as to entitle the vendee to a deed, nor whether it ever would be paid so as to make it necessary to have one prepared. It was therefore proper that when the last payment was made, and a deed demanded, the vendee should wait to have it prepared and executed. And inasmuch as the execution was to be by absent and distant heirs, the executors should have a reasonable time to procure the deed to be executed. It is also said in this case that by the English rule, it was the duty of the vendee to prepare the deed; but that principle was not necessary to be decided in that case, and it was not decided. Again; in the 3d of Wendell, 250, the general principle laid down in *Hubbard* v. *Fuller* is spoken of with approbation. And in *Connelly* v. *Pierce*, (7 *Wend.* 129,) Ch. J. Savage states the same general doctrine laid down in *Hubbard* v. *Fuller*, but he declares that it has never been held, in this state, that the vendee is to prepare and tender the deed. But he does say in general terms, that when the vendee does not tender a deed ready drawn he should call on the vendor and request the execution of a deed, and after waiting a reasonable time, call again to receive it. There was no necessity for the announcement of such a

doctrine in that case. The remark was obiter, and we think is not the law of the land. This is a suit for the breach of a contract to give the plaintiff a deed on the 1st of April, 1843. The purchase price had been fully paid, and there was nothing for the plaintiff to do as a condition of, or prior to, the performance by the defendant of his agreement. Why then should the plaintiff be required to call *twice?* If the *time* when the vendor would be bound to give his deed had been left uncertain, as in the 9th Wendell, 135, and as it became by the neglect of the vendee to make his payments by the day in the 6th Cowen, 1, there would be some reason in saying that a reasonable time should be granted after the payment of the money and the demand of the deed. But in this case the time was fixed for the delivery of the deed on the 1st of April, and the consideration having been paid, the duty was *absolute* on the defendant to deliver his deed on that day. He should therefore have prepared the deed and been ready to deliver it when demanded. *One* request (even if a request at all were necessary) was enough to put the defendant in default.

But it is said that, though *one* request or demand should be held to be all the vendee was bound to make, that should be laid specially, stating the particulars of time, place and person. If an *actual* request was necessary, it undoubtedly should be laid specially. And it is equally true that by the old authorities the omission of a special request was bad on general demurrer and even after verdict. (*See* 1 *Ch. Pl.* 364, *and* 5*th Term Rep.* 409.) That strict rule, however, no longer prevails. Mr. Chitty, at the last cited page of the 7th American edition, adds, " But from the principle deducible from other cases and a recent decision, it should seem that a judgment by default or a verdict would aid the defect, and *that the objection must now be taken by special demurrer.*" In *Bowdell* v. *Parsons,* (10 *East.* 369,) the court overrule the case in the 5th Term Reports, 409, and say, " the omission to allege a time and place in describing the special request in the declaration, is not an available objection in arrest of judgment, or on general demurrer." This last decision was followed by the court in Dowling & Ryland, 55, in

a case for breach of promise of marriage, where it was necessary to aver a request.

It is surprising that this defect was ever held available, except on special demurrer. For when it is alledged that the defendant was often requested to execute his deed, &c. the *substance* of what was necessary to alledge to lay the foundation of a breach is manifestly averred by the pleader. The defect is a want of certainty in relation to the time, place and other circumstances attending the request ; and uncertainty is generally a mere defect of form, and is only reached by a special demurrer. (*See* 1 *Chit. Pl.* 271, 290, 717.)

The case relied on by the defendant's counsel in the 7th Wendell, 129, is also an authority in favor of this declaration. To a declaration in many of its features like this, the defendant pleaded that he had not been requested to execute the deed, and that he had not refused to execute it. The defendant demurred specially for duplicity, and the court held the demurrer well taken, and decided in favor of the plaintiff; whereas, had the declaration (which alledged a general and not a special request,) been bad in substance for that reason, the plaintiff having committed the first fault, should have been defeated.

Again ; there is another and a distinct ground why the declaration should be held good. The declaration alledges a *refusal* and a *continued refusal* by the defendant to execute the deed, notwithstanding the request. Now the case just cited from the 9th Wendell, 129, holds that the plea was double, for the reason that the denial of any request, and the denial of any neglect and refusal was each a *bar.* If, however, the defendant *did refuse* to execute the deed, and continued to do so up to the commencement of the suit, he has certainly broken his covenant. In *North* v. *Pepper*, (21 *Wend.* 636,) it was held that where a party gave notice to the plaintiff that he had determined not to take his farm, and that he abandoned the agreement and refused to perform, such refusal dispensed with an offer or a readiness to perform on the part of the plaintiff, as it showed that such a step would have been but an idle ceremony. (1 *Term Rep.* 683. 5 *Cowen*, 506.) So, in this case, if the de-

Olmsted *v.* Loomis.

fendant *refused to perform,* that both implies and excuses a request. The judgment of the court of common pleas must be reversed, and a judgment entered against the defendant, upon the demurrer.

We have nothing to do with the other issues in the case. They were not properly a part of the demurrer book, nor of the error book, and the bill of exceptions not being before us, we can not decide whether any error has been committed by the court below upon the trial of the case or not. (*See* 1 *Ch. Pl.* 707, *a.*)

Judgment reversed.

Same Term. *Before the same Justices.*