JOHN R. FRANKLIN, et al, Respondents, vs. JOHN B. WARDEN, et al, Apellants.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

A judgment was recovered in this State against principals and surety, and real estate of the latter sold to the judgment creditors sufficient to satisfy the judgment in full. Prior to this sale a transcript was taken to Wisconsin, and a judgment recovered thereon, which was also satisfied in full by a sale of the property of one of the principals, which was also struck off to the judgment creditors at the instance of the attorney in the action, but not until some time after the sale in this State. In an action by a mortgagee of the lands sold in this State against all the parties to the judgments, to have the sale thereof set aside and the land relieved from the lien of the judgment—*Held*, that the sale last in point of time was the only one which could be set aside, on the ground that the debt had previously been satisfied. That as the judgment in Wisconsin was obtained, and the whole proceedings therein, including the sale, were without the knowledge or consent of the parties Plaintiff therein, they ought not to be bound or prejudiced by said judgment or proceedings. That the attorneys employed generally to obtain the judgment in this State would not have been authorized to institute the proceedings in Wisconsin, nor to employ attorneys so to do, nor to empower attorneys so employed to bid off in the name of the judgment creditors the real estate sold on execution.

Points and authorities for Appellant.

I. The proceedings in the Circuit Court of Grant County, Wisconsin, though in the name of the Appellants as Plaintiffs, were not taken nor prosecuted by them, nor by their authority: they cannot therefore be bound by them. *Comp. Sts.*, 667; *Graham's Prac.*, 45 to 47 *inclusive and cases there cited;* 8 *John. Rep.*, 361; 10 *Id.*, 220; 11 *Id.*, 467.

II. The case does not show that the Appellants have acquired any title to, or even a lien upon, the lands in Wisconsin or any

Franklin, et al, v. Warden, et al.

part or portion of them.   4 *Phillips' Ev. with Cow. & Hill's Notes*, (3d ed.) 240–242, 794; 5 *Verm. R.*, 65; 2 *N. Hamp. R.*, 390; 11 *Wend.*, 81.

III.  Neither the fact of the sale, nor the name of the purchaser, nor a description of the premises sold upon execution, is necessarily or properly any part of the return: nor does the purchaser's title depend at all upon the return to the writ.   4 *Phillips' Ev. with Cow. & Hills Notes*, (3d ed.) 805–6, *with cases there cited;* 1 *John. Cases*, 155; 4 *Wheaton*, 503, 506; 4 *Wend.*, 463; 4 *Phillips' Ev. with Cow. & Hills Notes*, (3d ed.) 244–5; *Comp. Sts., pp.* 572–3, *sec.* 113; *Laws of* 1862, *ch.* 19, *secs.* 3, 4; 4 *Paige*, 508–9; *Rev. Sts. of Wis. of* 1858, *p.* 788, *sec.* 42; *p.* 789, *secs.* 51–53; 7 *Peters'*, 85; 5 *Phillips' Ev. with Cow. & Hill's Notes*, (3d ed.) 396.

IV.  There is an entire absence of evidence as to the value of the property alleged to have been sold to Appellants on the Wisconsin judgment and execution.

V.  The finding of the Court below, in reference to the amount made on the first execution issued upon the judgment recovered in this State, is palpably erroneous.

VI.  These Respondents have no claim to the relief prayed in the complaint, nor to any relief, in any view of the case.   1 *Story's Eq.*, 663, &c.; *Willard's Eq.*, 337, &c., *and* 561–2; 8 *Ves. Jr.*, 388; 17 *Id.*, 520; 4 *John. Ch. R.*, 17, 20; 1 *Id.*, 413; 19 *John. R.*, 486; 4 *Sand. Ch. R.*, 510; 6 *Barb. R.*, 470.

Points and authorities for Respondent.

I.  It is claimed that the sale was rightly set aside because Warden & Son, the Plaintiffs in the execution, not having given credit for the full amount made by the prior execution, and having sold property to the full amount of the judgment, had thereby prejudiced the rights of the Plaintiffs in this cause, part of the property so sold being contained in their mortgage.

II.  It is claimed that the sale was rightly set aside because Messrs. Warden & Son had obtained a lien adequate to satisfy their debts, or a large portion thereof, both upon land of the

judgment debtors in Wisconsin as well as in Ramsey county, and, through his attorneys, had proceeded upon both, satisfying his debt twice; whereas in equity he was bound to exhaust his execution upon the real estate upon which the Plaintiff had no lien, prior to resorting to the land mortgaged to the Plaintiffs. 1 *Story's Eq. Jur., p.* , sec. 633; 1 *Mad. Ch.*, 250, 615; 2 *Atkins*, 446; 1 *Henry Bl.*, 150; 2 *McLean*, 489, 44; 1 *Walker's Ch.*, 185.

C. C. LUND & H. R. BIGELOW, Counsel for Appellants.

H. J. HORN, Counsel for Respondent.

*By the Court*—EMMETT, C. J.—This record discloses the following facts: On the 5th day of November, A. D. 1858, the Defendants, John B. and William G. Warden, by their firm name of J. B. Warden & Son, recovered, in the District Court of Ramsey County, a judgment for the sum of $5,131.88 against the other Defendants herein, on a contract or demand in which Defendants Dunwell and Cave were principals, and Defendants Rice and Becker sureties only. The judgment was regularly docketed the same day, and thereby became a lien upon all the real estate of the several Defendants therein situated in said county. Execution having been duly issued, the sheriff levied the same upon personal property belonging to said Dunwell, or Dunwell and Cave, and on the 16th day of April, 1859, sold the same to said Becker for the sum of $1,539; but as only the sum of $1,000 was ever paid to the sheriff on said purchase that amount alone was credited on the said judgment.

It also appears that on the 7th day of August, 1860, a judgment in favor of the said Plaintiffs, Warden & Son, and against the said Defendants, Dunwell, Cave, Becker and Rice, was recovered in the Circuit Court of the County of Grant, in the State of Wisconsin, for the sum of $5,011.41, being for the amount yet due on said first named judgment and costs, after deducting the $1,000 made on execution as aforesaid. Under an execution issued on

Franklin, et al, v. Warden, et al.

this Wisconsin judgment lands belonging to Defendant Dunwell were levied upon, and at the sale thereof by the Sheriff, on the 16th day of August, 1861, were bid in for the said Warden & Son, by the attorney who procured said judgment in their name, for a sum sufficient to satisfy said judgment and costs. Prior to this last mentioned sale, however, the said Warden & Son (who are shown to have been utterly ignorant of the proceedings in their name in Wisconsin from the commencement to the end thereof, and who never recognized nor adopted them in any degree, but repudiated them in every particular,) caused an alias execution to be issued on their judgment in this State, under and by virtue of which certain real estate belonging to said Defendant Rice, and covered by the lien of their judgment, was levied upon; and on the 29th day of June, 1861, (nearly seven weeks before the said sale on execution in Wisconsin,) the sheriff sold the same to said Warden & Son, the execution creditors, for the sum of $4,470, being sufficient to satisfy their said judgment and costs, after deducting the $1,000 paid on said first execution, and the further sum of $779.95 remitted by the said Plaintiffs, pursuant to a decision of the court, but afterwards reinstated in said judgment, by an order annulling said remittur, made December 5, 1862.

In the meantime, to wit, on the 9th day of December, 1858, the Plaintiffs in the present action obtained a mortgage from the Defendant Rice on certain real property situated in the said County of Ramsey, upon which the said judgment of November 5, 1858, was a lien, and which was afterwards sold to said Warden & Son, among the property sold on said alias execution for the sum of $2,500. At the time of said sale, however, the Plaintiffs were ignorant of the said proceedings in Wisconsin, and also of the omission of the Sheriff to credit on the judgment the full amount of $1,535, for which the property levied upon under the first execution was sold, instead of the sum of $1,000, and so remained in ignorance of said facts and proceedings until about the time of the commencement of this action. They then commenced the present action, in which all the parties to the other actions are made Defendants, and in which they allege the recovery

of the judgment in Wisconsin, and aver that it was fully paid, satisfied and discharged by the sale of the property of Dunwell to the Plaintiffs therein, and ask that the prior sale of the property in this State, upon which their mortgage was given, may be set aside and cancelled, and said mortgaged property relieved from the lien of the said Minnesota judgment; or that the moneys arising from said sale be paid over to them on account of their mortgage, and for general relief.

On the trial in the District Court the judge found the facts substantially as above set forth, but held as conclusions of law, that as between these Plaintiffs and the Defendants, Warden & Son, the Plaintiffs were entitled to have the full sum of $1,535, for which the personal property levied upon under the first execution was sold, credited upon the Minnesota judgment; that they were not, however, entitled to have the mortgaged property discharged from the lien of said judgment; yet, as Warden & Son have by the said proceedings in Wisconsin obtained title to a large amount of property which they still hold without applying the same to the payment of their judgment, the Plaintiffs were entitled to relief so far as to have the sale of the mortgaged premises set aside.

From this decision, or the judgment or decree entered thereon, Warden & Son appeal, they being the only Defendants who answer or defend.

The apparent theory of this complaint is that the judgment in Minnesota has been paid or satisfied by the judgment and proceedings in Wisconsin.

But this is completely negatived by the finding of the fact (which is fully sustained by the evidence) that the proceedings in Wisconsin were not only unauthorized by the Defendants, Warden & Son, in whose name they were commenced and conducted, but were utterly unknown to them. It was not pretended on the argument that they were directly authorized by these parties. There was an attempt to show that their attorneys in the Minnesota action employed or knew of the employment of attorneys in Wisconsin to commence proceedings there, but it clearly appeared

that they had no direct connection with it, and it was also shown that they were given no authority to commence or continue proceedings of any kind in another State; and even if such authority had been given them, the attorneys employed by them would not, without express directions, have been authorized to bid off the lands levied upon in satisfaction of the judgment. The suggestion of an action in Wisconsin came from a party Defendant in the Minnesota judgment, and as he and his co-surety were alone interested in collecting the judgment out of the property of the principals, they only would have a motive in instituting the Wisconsin action.

But let us suppose that Warden & Son were directly responsible for the judgment in Wisconsin, and that they thereby acquired a lien on two distinct funds for the security of their claim. They would then have had a discretion as to which judgment they would attempt to collect, or they might proceed simultaneously on both; but, in the latter case, a satisfaction of one judgment would be a satisfaction of the other, and any attempt to collect it thereafter could be summarily interfered with. Under this view of the case, then, Warden & Son would appear to have exercised the discretion with which they were invested as to which judgment they would collect, or which fund they would subject to the payment of their demand, by satisfying the Minnesota judgment out of the property upon which it was a lien; and this, too, long before the Plaintiffs here asked for relief.

But, interpose the Plaintiffs here, Warden & Son also satisfied their Wisconstn judgment by the sale of property in that State, and have thus collected their judgment or claim twice over. We have already stated that the facts disprove this assumption, but let us admit it merely for the sake of the argument, and even then it does not follow that the Plaintiffs are entitled to relief in this action. It is readily admitted that, as against the party for whose benefit they were made, one of these sales must be irregular and could be set aside; but as the irregularity consisted in selling after the judgment debt had been satisfied and discharged, it necessarily follows that the last sale only is erroneous, (which proves to be that

made in Wisconsin,) and the judgment debtors or others inter-
ested may, at any time, have it set aside, by the proper proceed-
ings; or, if it had been fully authorized by the judgment creditors,
the debtors might perhaps affirm it, and hold the other party
responsible for the amount at which the property sold.   But, as
to the first sale, it cannot be said that the judgment had then been
paid, and being legal and in all respects regular at the time it was
made, it would not be vitiated by the subsequent sale in Wiscon-
sin, however irregular it may have been.   It is the latter only that
can be successfully attacked.   In this aspect the transaction
presents nearly or quite the same features that would have pre-
sented themselves had the Sheriff, under one execution, sold in
separate parcels property to double the amount necessary to
satisfy the judgment.   In such a case none but the sales which
were made in excess of the amount of the judgment would be
erroneous or unauthorized; and they would probably be set aside,
if at all, in the inverse order in which they occurred.

Had the judgment creditors stopped immediately after the sale
in Minnesota, (which, according to the evidence and findings, they
really did,) it will be admitted that they would have secured the
property bid off by them, including that mortgaged to the Plain-
tiffs; and it would have been wholly lost to the mortgagees unless
they redeemed from said sale.   Still, no one could justly claim
that the mortgagees, the Plaintiffs here, had ground of complaint,
for they took their mortgage subject to the lien of said judgment;
nor would they be any worse off, so far as regards their mortgage
security, although the judgment creditors had, as charged in the
complaint, afterwards collected their debt over again out of
property in Wisconsin upon which the mortgagees had no lien.
Such a course, it is true, would work great injury to certain of
the judgment debtors, and the Plaintiffs here, if the property so
sold belonged to the mortgagor, might thereby be prevented from
collecting by ordinary action, the debt which their mortgage was
given to secure; but we cannot see how this could prejudice
their rights as mortgagees, for these were all extinguished
by the previous sale, except the mere right of redemption,

and that still remained unimpaired at the commencement of this action.

In point of fact, however, the Defendants, Warden & Son, have placed themselves in no such position. They first, by their judgment, secured a lien on the mortgaged property, as against the mortgagees, and afterwards in enforcing that lien secured additional rights as purchasers, and now it is sought by this action to deprive them of all these advantages, simply because some one, in the interest of certain of the judgment debtors, assumed authority to commence proceedings on this judgment in another State, and to direct the property there levied upon to be struck off to the judgment creditors in satisfaction of their debt. Such a proceeding cannot for one moment be upheld. It is not in the power of any one thus to deprive Warden & Son, without act or omission of their own, and without their knowledge or consent, of the lien of their judgment or the benefit of their purchase of the mortgaged premises.

But there is another view in which this case was presented. The doctrine most relied upon by the counsel for the Plaintiffs here is the familiar one by which courts of equity are governed in the marshaling of securities, and is thus stated by Story in the first volume of his *Equity Jurisprudence, sec.* 633 :

" The general principle is, that if one party has a lien on or an interest in two funds for a debt, and another party has a lien on or interest in one only of the funds for another debt, the latter has a right in equity to compel the former to resort to the other fund, in the first instance, for satisfaction, *if that course is necessary for the satisfaction of the claims of both parties,* whenever it will not trench upon the rights or operate to the prejudice of the party holding the double fund."

We cannot fail to observe that one of the grounds essential to the interference of a court of equity, viz.: that such a course is necessary for the satisfaction of the claims of both parties, is wholly wanting in this case. There is no proof, no averment even, that there is any necessity for resorting to the rule, in order to collect the debt due to the Plaintiffs here. For aught that

appears the mortgagor may have abundant means to satisfy the mortgage debt. As I understand it, whether in marshaling securities or assets, necessity is the main ground for equitable interference. And although cases may be found where assets have been marshaled before the necessity of so doing is absolutely demonstrated to the court, yet in every case it is believed there has been a reasonable presumption that such a course would be necessary in order to save the rights of all. But I have found no instance where equity has interfered after the creditor, who has his debt secured by two or more funds, has received satisfaction out of either. In a proper case he may be compelled to resort to one only, or put to his election, but after such election has been made, and satisfaction obtained, the courts can find nothing to go upon.

In this case, therefore, if Warden & Son are not responsible for the proceedings in Wisconsin, they have had no security on any other fund or property than that which was subject to the lien of their judgment in Minnesota, and therefore are not within the operations of the rule. If, on the other hand, they authorized said Wisconsin judgment, but are not bound by the action of the attorney there in bidding off the property in their name, then, although they thereby obtained security on two funds as it were, yet they are not liable to this action, because they had elected to satisfy, and had satisfied their debt out of the property in Minnesota long before this action was commenced. And if they are bound by both the judgment and the sale in Wisconsin, then they have received double satisfaction for their debt, and the sale to them of the property in Wisconsin might be set aside on the ground that the debt had already been paid and satisfied by the previous sale in this State, or, as we have before stated, they might be made liable for the purchase money, and perhaps directed to pay it over to the creditors of Dunwell, who owned the land thus improperly sacrificed or sold to satisfy a debt already paid; yet, as Dunwell is in nowise answerable to the Plaintiffs here for their claim against Defendant Rice, it is difficult to see how they can lay claim to any portion of the proceeds of his property in the the hands of Warden & Son. Rice might be able to reach such

proceeds, but the Plaintiffs never, for the causes stated in the complaint.

We do not think, from the facts found, that the Plaintiffs are entitled to any relief. Judgment reversed.