JAMES S. MALONE and others *vs.* MINNESOTA STONE COMPANY.

January 3, 1887.

Sale—Agreement as to When Property shall Pass.—Upon a contract for the sale of personal property, it is competent for the parties to determine what acts shall be done by the vendor before the title shall vest in the purchaser.

Same—Storage Charges to be Paid by Seller—Refusal to Pay—Rescission by Buyer.—Where certain personal property was in the hands of bailees, subject to charges for storage, and the vendor thereof agrees, as part of the consideration and inducement to a sale thereof, to pay the

charges, and deliver the goods when requested by the purchaser, and there-
after, upon the demand of the latter, refuses to pay such charges, and to
deliver the goods in pursuance of such agreement, *held*, that the purchas-
ers might rescind and refuse to pay the contract price.

**Same—Action for Price—Answer held Sufficient.**—As against a motion
for judgment upon the pleadings, an allegation that the plaintiff, though
often requested so to do, has failed and refused to pay such charges, and
has failed and refused to deliver the goods, or any part thereof, is suffi-
cient to show a demand. Upon such motion every reasonable intend-
ment is in favor of the sufficiency of the pleading objected to.

This action being brought on for trial in the district court for Hen-
nepin county, *Young*, J., presiding, the court ordered judgment for
plaintiffs, for insufficiency of the answer. The defendant appeals
from the judgment.

*Fish, Evans & Holmes*, for appellant.

*W. E. Hale*, for respondents.

VANDERBURGH, J. The court is of the opinion that it was error to
grant the motion for judgment upon the pleadings, on the ground of
the alleged insufficiency of the answer. The action is brought upon
a draft accepted by defendants, as they allege in their answer, upon
the following consideration: In the month of August, 1884, the plain-
tiffs shipped and consigned to the defendants, at the city of St. Paul,
five car-loads of stone, without their authority or request, and which
they refused to receive, and thereupon the railroad company, which
had transported them, caused them to be deposited and stored in a
warehouse, and the stone is still in the custody of the warehouseman
under such bailment, and subject to his lien for storage. The de-
fendants thereafter expressed to plaintiffs a willingness to accept the
stone; and the answer further shows that the plaintiffs urgently re-
quested the defendants, as a favor to them, to accept their draft for
$800, to apply on account of the stone mentioned, and such other
stone as defendants might purchase of them, and "upon the under-
standing and agreement of the plaintiffs that the five car-loads of
stone aforesaid should be delivered to them when wanted at St. Paul,
free of all charges or expense for storage," or otherwise. Upon this
understanding defendants accepted the draft. That thereafter they

were unable to obtain any contracts for the use of said stone; and they also aver "that plaintiffs, though often requested so to do, have failed and refused, and still fail and refuse, to pay any part of the storage charges against said stone, and have neglected and refused to cause the same, or any part of it, to be delivered to defendants pursuant to their aforesaid agreement or otherwise; and that defendants, by reason of such neglect and failure on plaintiffs' part, have never received any consideration whatever for the acceptance aforesaid."

There is every reasonable intendment in favor of the sufficiency of pleadings on a motion for judgment. The court should not declare a pleading fatally defective upon such motion if it can be sustained by the most liberal construction. *Holmes* v. *Campbell*, 12 Minn. 141, (221.) It was competent for the parties to agree as to the conditions upon which the acceptance should be made, and what acts should be done by the vendor before the title should vest in the purchaser. *Gilbert* v. *New York Central, etc., R. Co.*, 4 Hun, 378. The defendant might be willing to accept the stone only upon the condition that it should be delivered free of the warehouse charges and lien. The payment of the charges was by the terms of the alleged agreement an essential condition, which the defendants had a right to insist on. Until released by the bailee from his lien for charges, the property was not in a deliverable condition; and until the charges were paid the contract remained executory, and the defendants, not having yet paid the draft, might, after due demand and refusal, treat the contract as at an end, on account of plaintiffs' default and failure to comply with the conditions upon which, as they allege, their promise was based. *School District* v. *Hayne*, 46 Wis. 511, (1 N. W. Rep. 170;) Chit. Cont. (11th Ed.) 1092; *Luey* v. *Bundy*, 9 N. H. 298, (32 Am. Dec. 359;) *Webb* v. *Stone*, 24 N. H. 282, 288; *Shields* v. *Pettce*, 2 Sandf. 262. The allegation of demand and refusal is not very definite, but it should be held sufficient upon a motion for judgment upon the pleadings. *Hall* v. *Williams*, 13 Minn. 242, (260;) *Carpenter* v. *Brown*, 6 Barb. 147.

It is also urged that the answer does not deny that the defendants might have purchased other stone of plaintiffs, the price of which may

be included in the draft. This was, however, merely contingent, and it is alleged that the delivery of the stone was the sole condition upon which the draft was given, and that the defendants have received no consideration whatever for the execution thereof; and the plaintiffs in their reply, in stating affirmatively the consideration therefor, make no claim that any such additional stone was actually furnished, but set up a different consideration.

Judgment reversed.