CASE RAIL *vs.* LITTLE FALLS LUMBER COMPANY.

November 30, 1891.

**Sale—When Property Passes without Delivery.**—Contracts for the purchase and sale of chattels, if complete and unconditional, and not within the statute of frauds, are sufficient, as between the parties, to vest the property in the purchaser without delivery. When the chattels are clearly designated and appropriated to the contract, are ready for immediate delivery, and the terms of sale, including the price, are explicitly given, there is an executed contract, and the title, as between the parties, passes to the purchaser, even without actual payment or delivery.

**Same—Agreement by Seller as to Delivery or Retention of Possession.**

Nor does an agreement by the vendor to transport the chattels to a place named for delivery, or to retain possession for a time, render executory a contract of sale, otherwise completed on his part.

Action brought in a justice's court in Morrison county, to recover $47.90, the unpaid instalment of the price of certain logs, according to the following agreement, signed by both parties:

"Little Falls, Minn., April 19, 1889.

"I, Case Rail, hereby sell to the Little Falls Lumber Co. 247 logs marked 'C. R.' and stamped 'C. R.,' and scaling 61,300 feet, at $7.00 per thousand feet, to be delivered by me in the Mississippi river, the same being now banked on the Crow Wing river, at Pillager. Payments to be made as follows, viz.: $150.00 down, $120.00 when said logs are delivered in the Mississippi river, and the balance, $159.10, to be paid on demand after such delivery. The above-named logs are all white pine, except 6 or 7 logs scaled by H. W. Van Demark."

The plaintiff in his complaint admitted payments amounting to $381.20. The defendant, in its answer, alleged that not more than 50,000 feet of the logs were delivered in the Mississippi river, and asks judgment for $40.35 alleged to have been overpaid by it to plaintiff for the logs actually delivered. On appeal to the district court for Morrison county, on questions of law and fact, the action was tried before *Baxter,* J., who directed a verdict for plaintiff for $43.06. The defendant appeals from an order refusing a new trial. It appeared that before the logs were put into the Crow Wing river, to be driven to the Mississippi, a part of them were destroyed and others much injured, by a forest fire.

*C. A. Lindbergh* and *G. W. Stewart,* for appellant.

*Taylor, Calhoun & Rhodes,* for respondent.

COLLINS, J. The single question here presented is whether the contract entered into between these parties was an executed one, or simply executory. If the former, the title to the logs, completely identified and described in the writing, vested in the vendee corporation; the risk attendant upon the title and the subsequent loss,

which was by fire, must be borne by it, unaffected by the fact that the vendor was to make delivery in the Mississippi river.

There is a seeming confusion in the decisions as to when the title to personal property does pass on sale, but it has arisen out of a failure to clearly distinguish between general contracts for the sale of chattels of a certain kind and contracts for the sale of chattels specifically ascertained and identified. It is the result of an omission to discriminate between cases in which the goods have not been specified to which the contract is to attach, those wherein some act remains to be performed before payment or an actual transfer of possession, such as weighing or measuring or counting out of a common mass or parcel, and those in which there has been an appropriation of specific chattels to the contract, and nothing whatever remains to be done except payment in whole or in part, or an actual delivery. In the case at bar there should be no doubt, upon the undisputed facts, that the title vested in the vendee at the date of the agreement. All of the vendor's logs lying at a certain point upon the bank of the Crow Wing river, the same being duly marked and scaled, were included in the writing, which was signed by both parties. In it the precise number of logs lying upon the bank, the mark which had been placed upon each, the total number of feet therein according to the scale-bill, and the agreed price per thousand feet, were stated with particularity. The terms of payment, about one-third being cash in hand, and the balance, figured out to a penny and to be paid in two instalments, were specified. In every respect it was a completed contract, and the assent of both parties that the title should vest in the purchaser was obvious. Contracts for the purchase and sale of chattels, if complete and unconditional, and not within the statute of frauds, are sufficient, as between the parties, to vest the property in the purchaser without delivery. The rule is that when the chattels are clearly designated and appropriated to the contract, are ready for immediate delivery, and the terms of sale, including the price, are explicitly given, there is an executed contract, and the title to the property, as between the parties, passes to the purchaser, even without actual payment or delivery. *Hatch*

v. *Oil Co.*, 100 U. S. 124, and cases cited.  This statement is simply an amplification of the common-law rule.  2 Bl. Comm. 248; Chitty, Cont. (8th Amer. Ed.) 332; *Dixon* v. *Yates*, 5 Barn. & Adol. 313; 2 Kent, Comm. 492; 1 Pars. Cont. 441; 2 Pars. Cont. 320.

Nor does an agreement by the vendor of chattels to transport them to a place named for delivery, or to retain possession for a time, render executory a contract of sale otherwise completed on his part.  *Terry* v. *Wheeler*, 25 N. Y. 520; *McNamara* v. *Edmister*, 11 Hun, 597; *Hurff* v. *Hires*, 40 N. J. Law, 581; *Willis* v. *Willis*, 6 Dana, 48.

As to the general principles which govern in this class of cases, see *Webster* v. *Anderson*, 42 Mich. 554, (4 N. W. Rep. 288;) *Muskegon Booming Co.* v. *Underhill*, 43 Mich. 629, (5 N. W. Rep. 1073;) *Bethel Steam Mill Co.* v. *Brown*, 57 Me. 9; *Phillips* v. *Moor*, 71 Me. 78; *Walden* v. *Murdock*, 23 Cal. 540; *Macomber* v. *Parker*, 13 Pick. 175; *Cleveland* v. *Williams*, 29 Tex. 204; *Elgee Cotton Cases*, 22 Wall. 180; *Nash* v. *Brewster*, 39 Minn. 530, (41 N. W. Rep. 105.)  Also *Martin* v. *Hurlbut*, 9 Minn. 132, (142,) in which this court referred to the rules laid down in the leading case of *Terry* v. *Wheeler, supra*.

Order affirmed.