PETER RESTAD v. HALFDAN ENGEMOEN.[1]

June 17, 1896.

Nos. 9458—(5).

**Sale—When Executed.**

In determining whether a sale is executed or executory, the rule is applied that, where anything remains to be done to the chattels for the purpose of ascertaining the price, as by weighing at a certain time in the future and feeding in the meantime, these things shall (in the absence of circumstances sufficiently indicating a contrary intention) be held to be a condition precedent to the vesting of title in the purchaser, though the particular chattels are ascertained.

Appeal by defendant from a judgment of the district court for Otter Tail county, in favor of plaintiff, for $82.59, entered after a trial before Baxter, J., and a jury. Reversed.

*Peterson & Kolliner*, for appellant.

*J. T. McCulloch* and *Charles C. Houpt*, for respondent.

CANTY, J. This action was brought to recover $38.41, the price of a cow and a steer which plaintiff alleges he sold to defendant.

[1] Reported in 67 N. W. 1146.

Plaintiff had a verdict, and from the judgment entered thereon defendant appeals.

Plaintiff testified that about March 1, 1892, defendant came to his farm, looked at the cow and steer, and agreed to give him two cents per pound for the cow and 2.35 cents per pound for the steer, paid him one dollar on the cow and one dollar on the steer, and asked him to keep them, and feed them corn and potatoes, until April 26 following, and then to deliver them to defendant at Pelican Rapids, a town some distance from the farm; that plaintiff did so keep, feed, and deliver them, but that defendant refused to receive them. Thereupon plaintiff weighed them, and thereby ascertained the amount of the purchase price. Defendant testified that he told plaintiff that he would take the cattle at the price specified if plaintiff would "feed them up to beef." Said the witness: "I told him I could not handle cows at all unless they were fed to beef. * * * They were too poor. I could not take them because they were not fed to beef." Plaintiff testified that defendant merely told him to feed "them a little potatoes and corn, but don't give them too much any of the time," and denies that he agreed to fatten them. We are of the opinion that the evidence does not sustain the verdict and judgment.

In Martin v. Hurlbut, 9 Minn. 132 (142), the following extract is quoted with approval from Joyce v. Adams, 8 N. Y. 291:

"It is a general rule of law that, where a contract is made for the purchase of goods, and nothing is said about payment or delivery, the property passes immediately, so as to cast upon the purchaser all future risk, if nothing further remains to be done to the goods, although he cannot take them away without paying the price. But, if anything remains to be done on the part of the seller, as between him and the buyer, such as weighing, measuring, or counting out of a common parcel, before the goods purchased are to be delivered, until that is done the right of property has not attached in the buyer."

See, also, Rail v. Little Falls Lumber Co., 47 Minn. 422, 50 N. W. 471. In Benjamin, Sales (book 2) c. 3, § 318, one of Lord Blackburn's rules is stated as follows:

"First. Where, by the agreement, the vendor is to do anything to the goods for the purpose of putting them into that state in which the purchaser is to be bound to accept them, or, as it is sometimes worded, 'into a deliverable state,' the performance of those things shall, in the absence of circumstances indicating a contrary intention, be taken to be a condition precedent to the vesting of the property."

In the present case there were altogether too many things to be done by the vendor to the chattels before delivery, and too few circumstances indicating an intention to vest title immediately, so that a finding that such intention existed cannot be sustained. Plaintiff's remedy was an action for damages for a breach of the executory contract.

Judgment reversed, and a new trial granted.