### C. W. SOMERS v. G. STURRE.[1]

December 11, 1908.

Nos. 15,906—(123).

**Executory Contract.**

A contract for the sale of merchandise, set forth in the opinion, construed, and it is *held* that it was an executory one. The defendant having delivered his check to the plaintiff in payment of the merchandise, who accepted it, but refused to permit the defendant to take possession of the merchandise, the defendant had a right to rescind and demand the return of his check.

Action transferred to the district court for Stearns county to recover $2,750 upon defendant's check, payment of which had been stopped by him. The case was tried before Taylor, J., and a jury which rendered a verdict in favor of defendant. From an order denying plaintiff's motion for judgment in his favor notwithstanding the verdict, he·appealed. Affirmed.

*Franklin H. Griggs* and *Frederick M. Catlin,* for appellant.

*J. D. Sullivan,* for respondent.

START, C. J.

Appeal from an order of the district court of the county of Stearns, denying the plaintiff's motion for judgment notwithstanding the ver-

[1] Reported in 118 N. W. 682.

dict or for a new trial. The sole question presented by the record is whether the plaintiff is entitled to judgment notwithstanding the verdict.

The action was brought upon a check made and delivered by the defendant to the plaintiff, whereby the Stearns County Bank was requested to pay to the order of the plaintiff the sum of $2,750. The defense was, in effect, that the check was made and delivered to the plaintiff upon consideration that a certain stock of merchandise, then in the possession of the plaintiff in a building in the city of St. Paul, should be delivered to the defendant; but the plaintiff, upon getting possession of the check, refused to give up the possession of the stock. Thereupon the defendant demanded from the plaintiff the return of the check, which was refused. The defendant then refused to proceed further in the execution of the agreement for the purchase of the goods and stopped payment of the check. This defense was put in issue by the reply. At the close of all of the evidence the plaintiff requested the trial court to direct the jury to return a verdict for him. This was denied, and the court instructed the jury that the plaintiff was entitled to a verdict for the amount of the check unless the plaintiff refused to allow the defendant to take possession of and remove the stock of merchandise, that the burden of proof was upon the defendant to show such refusal, and, further, that this was the only question in the case. There was a verdict for the defendant. The evidence was sufficient to sustain the finding of the jury that the plaintiff did refuse, after receiving the check in payment therefor, to permit the defendant to take possession of the stock and remove it.

The contention of the plaintiff is to the effect that this was an immaterial issue, and no evidence should have been received tending to prove it, for the reason that the contract for the sale and purchase of the stock was an executed one; hence the case is ruled by Rail v. Little Falls Lumber Co., 47 Minn. 422, 50 N. W. 471. On the other hand, the claim of the defendant is that the contract was not an executed one, but that the payment for and delivery of the possession of the merchandise were to be contemporaneous acts and a part of the execution of the contract; hence the case comes under the rule of Malone v. Minnesota Stone Co., 36 Minn. 325, 31 N. W. 170, that, where the seller refuses to deliver personal property, the purchaser may rescind the contract.

The contract here in question is one between W. Drury, party of the first part, and the defendant, party of the second part, and the here material provisions thereof are to the effect following: First party hereto agrees to sell, assign, transfer, and set over by bill of sale to second party a certain stock of merchandise contained in twenty six wooden cases in warehouse at No. 386 South Wabasha street, in the city of St. Paul. Such merchandise is or shall be made free of all liens. In consideration of such sale and transfer of title to such merchandise to him, the second party agrees to execute to first party a good and sufficient contract for warranty deed of certain real estate in Black Duck, this state [duly described in the contract]. Second party also agrees as a part of the consideration to pay first party, or order, as "boot-money," the sum of $2,750. It is hereby agreed that first party does accept, this day and date, the "boot-money" and real property where it is, as it is, and in its present condition, as full payment for the merchandise. The second party does accept, this day and date, the merchandise where it is, as it is, and in its present condition, as full payment for the "boot-money" and real property. Both parties, having examined and inspected each other's properties to their entire satisfaction, hereby agree to all the terms and conditions of this contract and sign their names interchangeably and without recourse one to the other, now or hereafter.

Immediately upon this contract being signed, Drury made a bill of sale, in the usual form, of the merchandise to the defendant, upon which the plaintiff, in whose possession the merchandise then was, indorsed a release of all liens and claims on or to the merchandise. Thereupon the bill of sale was delivered to the defendant, who at Drury's request at the same time delivered his check for $2,750 to the plaintiff in payment of the "boot-money." The plaintiff and defendant then proceeded to the warehouse of the former, where the goods were stored in boxes, and the defendant marked his name thereon; but when he signified his purpose to remove the merchandise the plaintiff, as the jury must have found under the instructions of the court, refused to permit him to do so until he got the money on the check. The defendant was unwilling to leave both the merchandise and his check in the possession of the plaintiff, and he demanded a return of the check which was refused. The defendant never ob-

tained possession of the goods and stopped payment of his check. He did not return the bill of sale, and it was produced and introduced in evidence at the trial; nor did he make a contract for the real estate.

It is clear from the language of the contract that it was not an executed one, but an executory contract for the exchange of merchandise for "boot-money" and land. In the case of Rail v. Little Falls Lumber Co., 47 Minn. 422, 50 N. W. 471, relied on by the plaintiff, the language of the contract imported a completed present sale of the whole of certain specified logs described therein; but the language of the contract here in question is that "the party of the first part agrees to sell" "by bill of sale." Day v. Gravel, 72 Minn. 159, 75 N. W. 1. The execution and delivery of the bill of sale and the payment of the "boot-money" were contemporaneous acts to be done in execution of the contract, and when the defendant delivered his check it was upon the implied condition that the defendant should have possession of the merchandise. The plaintiff might have refused to accept the defendant's check, and insisted on payment in money; but, having accepted the check for the "boot-money," he could not rightly retain the check and refuse to permit the defendant to take possession of the merchandise; but, having done so, as the jury found, the defendant had a right to rescind and to demand a return of his check. Malone v. Minnesota Stone Co., 36 Minn. 325, 31 N. W. 170.

The contract being an executory one, and the delivery of the check conditional, the plaintiff was not entitled to a directed verdict, nor to judgment notwithstanding the verdict.

Order affirmed.