SIMON G. WEBSTER v. ANDREW ANDERSON.

*Sale of live stock—Constructive delivery.*

A farm laborer orally agreed with his employer to take in payment a number of hogs which were pointed out, but which were to remain in the pasture and be fed by the employer, with others, until there should be an opportunity to sell them. *Held* that there was sufficient delivery to transfer title as against a subsequent levy on the employer's property.

Error to Mecosta. Submitted Jan. 15. Decided Jan. 23.

TROVER. Defendant brings error.

*John R. Parsons* for plaintiff in error, cited as to the insufficiency of the delivery, under the statute of frauds, *Webster v. Bailey*, 40 Mich., 641; *Walker v. Nussey*, 16 M. & W., 302; *Pena v. Vance*, 21 Cal., 142; *Walrath v. Richie*, 5 Lans., 362; *Ham v. Van Orden*, 4 Hun, 709; *Moore v. Bixby*, id., 802; *Pitney v. Glen's Falls Ins. Co.*, 65 N. Y., 27; Benj. Sales (2d Amer. ed.), 193.

*John H. Palmer* for defendant in error. A sale is perfected by delivery when the property is so situated that the purchaser can rightfully take possession of it at his pleasure, *Means v. Williamson*, 37 Me., 556; Benj. Sales (2d ed.), § 679, n.; the contract is not released from the Statute of Frauds, unless the property is placed unequivocally within the power of the buyer as absolute owner, discharged of any lien for the price, *Marsh v. Rouse*, 44 N. Y., 643; *French v. Freeman*, 43 Vt., 93; *Yale v. Seely*, 15 Vt., 221; if a verbal contract of sale is proved, and an acceptance and receipt in pursuance of it shown, the purpose of the statute is fulfilled, Benj. Sales, § 149; *Van Woert v. A. & S. R. R.*, 67 N. Y., 540; *McKnight v. Dunlap*, 5 N. Y., 537.

COOLEY, J. The only question in this case is whether a sale of certain hogs by one Hooper to Anderson was

effectual to transfer the title as against a subsequent levy upon them made by Webster by virtue of an execution against Hooper.

The facts as found by the circuit judge are that in October, 1877, Anderson was at work in Hooper's employ on a farm; that Hooper then owed him $100; that Anderson requested Hooper to pay him, and it was agreed between them that the latter should transfer to him 20 hogs then on his place, with others, at the price of $96, and that Anderson should receive them at that price; that the parties went where the hogs were, and those to be taken by Anderson were pointed out and specified, and Hooper charged Anderson the purchase price on account; that it was a part of the arrangement that the hogs should remain in the same pasture as before with the other hogs, and be fed and cared for by Anderson with the others until an opportunity should be found for selling them. The whole agreement between the parties was oral.

The circuit judge was of opinion that there was a sufficient transfer of possession of the property to constitute a delivery under the circumstances. We agree in this view. It was all the delivery that could well have been made under the circumstances without requiring Anderson to remove the hogs from the farm where he was employed to some other place where they would have been less in his possession than where they were; and for this there could have been no sufficient reason. The case is within the reason of *Adams Mining Co. v. Senter*, 26 Mich., 73.

The judgment must be affirmed with costs.

The other Justices concurred.