JOHN W. MOLM vs: ARA BARTON.

May 3, 1881.

**Depositions—Secondary Evidence.**—Objections to depositions considered, and *held* to have been properly overruled. Where a paper has been lost, in the absence of any circumstances tending to raise a suspicion of bad faith, or of the destruction of the same for a fraudulent purpose, secondary evidence of its contents is admissible.

**Sale—Retention of Possession by Vendor—Evidence to rebut Presumption of Fraud.**—The effect of a failure on the part of the vendee of personal property to take immediate possession of the same, and continue to hold it, is to raise a presumption that the sale is fraudulent and void as against the then creditors of the vendor. Gen. St. 1878, *c.* 41, § 15. It is competent for the vendee to overcome this presumption by proof of facts showing that the sale was in fact made in good faith, and without any intention to hinder or delay or defraud the vendor's creditors, and under the statute the questions of good or bad faith and fraudulent intent are questions of fact for a jury.

**Attachment of Bulky Property—Manual Possession—Conversion.**—Where it appears that, in executing a writ of attachment, an officer made a valid levy upon certain piles of cord-wood, by marking the different piles levied on, taking the same into his actual control and custody, so far as manual possession under the circumstances was practicable, by then leaving the same in the charge and custody of a third person to hold for him, and by also filing in the proper town-clerk's office a certified copy of the writ and return pursuant to statute, the officer exercises such dominion over the property, to the exclusion of the lawful owner of the same, (not being the defendant in the attachment,) as, being wrongful, constitutes a conversion as respects such owner.

Plaintiff brought this action in the district court for Rice county, to recover damages for the conversion of 22 piles of cord-wood, which had been levied on by defendant, as sheriff of that county, under a writ of attachment against one Tobias Oehler. The sheriff had made his levy by marking the piles and leaving them in custody of one Crandall; and filing, on the same day, a certified copy of his writ and return in the proper town-clerk's office. At the trial, before *Buckham*, J., and a jury, the plaintiff, to prove title, introduced evidence of a sale of the wood to himself by Oehler, by bill of sale and upon a valuable consideration, some two months before the attachment. The loss of the bill of sale was shown, and proof made of its contents, and of the good faith of the transaction, as stated in the opinion. This proof was made, in part, by the depositions mentioned in the opinion, which were read in evidence under defendant's objection and exception. The plaintiff also proved the service of the proper affidavit on the sheriff before suit. The jury found for the plaintiff, a new trial was denied, and the defendant appealed.

*John H. Case*, for appellant.

*Geo. N. Baxter*, for respondent.

CORNELL, J. 1. Treating the objections made to the depositions on the motion to suppress as having been properly renewed at the time they were offered in evidence on the trial, (of which, however, the case, as settled, leaves it at least in doubt,) there was no substantial error committed in denying the motion, and in allowing them to be read in evidence. The stipulation under which the depositions were taken provided that they might be "taken before any notary public residing at or near Big Stone City." It appears upon the face of the depositions that one of the witnesses was a farmer residing in Grant county, in Dakota territory, and that the other resided in Big Stone City, in said county. The plain purpose of the above-quoted clause of the stipulation was to facilitate the taking of their depositions, by providing

that they might be taken before any notary public easily accessible to the witnesses by reason of his residence in their vicinity. It appears from the notarial certificate attached to the depositions that the officer who took them was a notary public of Grant county, in said territory; that in taking them, and in administering the oaths to the witnesses, he acted as such notary, and in pursuance of the stipulation. It will, therefore, be presumed that he was a resident of Grant county, if the fact of residence is at all material. He was a proper person to take the depositions under the stipulation.

Under the clauses of the stipulation expressly waiving, among other things, "any and all objections to said notary public, and any and all notices and prerequisite forms required by law or the rules of court for the taking of depositions, but reserving the right to object to the competency and admissibility of the interrogatories and cross-interrogatories, and to any of them, and to any of the answers, respectively, in like manner and upon the same grounds as if the witnesses were present and orally examined in open court upon the trial of the cause," it is evident the parties did not intend to reserve the right to object to the depositions upon any purely technical ground not in any way affecting some substantial right. All the objections made to the introduction of said depositions are of that character. The failure of the notary to state in his certificate the place where the depositions were taken is unimportant, as it appears they were taken in Grant county by a notary who was authorized to take them. It appears that they were correctly read over to the witnesses by the notary before being signed; and whether the answers were in fact written out by the notary, or some one else, under the circumstances is immaterial.

2. The loss of the bill of sale from Oehler to plaintiff was sufficiently shown to justify the court in receiving secondary evidence of its contents. It appears that the instrument was drawn up by one Hopkins; that it was executed by

Oehler, and delivered to Molm in his presence. In this, plaintiff, Oehler and Hopkins agree. Plaintiff testifies positively that he then left it with Hopkins for safe-keeping, and that he has never seen it since. Hopkins thinks plaintiff took it, but is not positive. Both plaintiff and Hopkins made diligent search for it among their papers, but were unable to find it, and both state that they have no knowledge where it is. There is nothing in the evidence tending to show that the loss occurred through any intentional fault on the part of the plaintiff or Hopkins. The case presented is one of an actual loss, unaccompanied by any circumstance tending to raise a suspicion of bad faith, or of a destruction of the instrument for any fraudulent purpose, and the usual rule applicable to such cases is to be applied here.

3. The execution and delivery of the bill of sale of the wood from Oehler to plaintiff was sufficient to pass the title to the property as between themselves, conceding that there was no actual change in its possession. The only effect of a failure on the part of the vendee to take immediate delivery and possession of the property, and to continue to hold it, was to raise a presumption that the sale was fraudulent and void as against the then creditors of the vendor. Gen. St. 1878, c. 41, § 15. This presumption it was competent for the plaintiff to overcome, by proof of facts showing to the satisfaction of the jury that the sale was in fact made in good faith, and without any intention to hinder, delay or defraud the vendor's creditors; and, under the statute, the question of good or bad faith, and of a fraudulent intent, is one of fact exclusively for the jury. Sections 15, 20. Their finding in this case was against the existence of any fraudulent intent, and we cannot say, upon a review of the whole evidence, that it was insufficient to sustain the finding.

4. It must be assumed, from the verdict of the jury, that in executing the writ of attachment the defendant made a valid levy upon the property in question, by marking the dif-

ferent piles of wood levied on, taking the same into his actual control and custody, so far as manual possession under the circumstances was practicable, by then leaving the same in the charge and custody of one Crandall, to hold for him, and by also filing in the proper town clerk's office a certified copy of the writ and return, pursuant to Gen. St. 1878, c. 66, § 151, subd. 3. This was an exercise of such dominion over the property, to the exclusion of the lawful owner, as, being wrongful, constituted a conversion.

Order affirmed.