WILLIAM B. TUNELL *vs.* JACOB LARSON and others.

October 9, 1888.

**Fraudulent Conveyance — Change of Possession.**—Whether there has been a delivery of personal property, and an actual and continued change of possession, as required by the terms of Gen. St. 1878, c. 41, § 15, depends largely upon the kind and nature of the chattels, the situation of the parties to the sale, and other circumstances peculiar to each case.

**Same—Trial—Objections to Evidence—Instructions.**—Alleged errors in the admission of testimony and in the charge to the jury examined and disposed of.

Action to recover possession of personal property, brought in the district court for Freeborn county against the defendant Larson, sheriff of the county, with whom the other defendants, judgment creditors of one Frederick Tunell, were impleaded. The defence was that the property belonged to Frederick and had been taken on execution on judgments against him, and the principal issue was whether a transfer of the property by Frederick to plaintiff was made in fraud of creditors. At the trial before *Farmer*, J., the plaintiff had a verdict; a new trial was refused, and the defendants appealed.

*Lovely, Morgan & Morgan,* for appellants.

*Whytock & Todd* and *H. R. Wells,* for respondent.

COLLINS, J.   An appeal in this case from the result of a former trial was disposed of at the April term, 1887, and may be found reported in 37 Minn. 258, (34 N. W. Rep. 29.)   We are now confronted by a long list of assignments of error, 26 in number, many of which need no notice whatever.   The form of action is claim and delivery under the statute.   The property involved certain cattle purchased by plaintiff of his father, Frederick Tunell, an insolvent debtor of several of the defendants.   The defendant sheriff seized the cattle upon an execution issued against the property of the father, claiming that the sale to the son was without consideration, and made with an intent to cheat and defraud the creditors of the father.   The issue presented to the court and jury by the pleadings and evidence is a simple and somewhat familiar one.   Much latitude in the examination of witnesses in such cases must, of necessity, be permitted, in order that the truth may be ascertained, and the *mala fides* of the transaction exposed, if it in fact exists.

The defendants contend that the evidence failed to show an immediate or any delivery of the cattle to the plaintiff at the time of the alleged sale, or that there was a change of possession, and for that reason the presumption is that the transfer was fraudulent as to the defendant creditors.   The statute (Gen. St. 1878, c. 41, § 15,) imperatively exacts immediate delivery to the vendee of chattels sold while in the vendor's possession, as well as an actual and continued change of possession.   Precisely what constitutes a delivery and change of possession must depend largely upon the kind and nature of the chattels, the situation of the parties, and other circumstances peculiar to each case.   No arbitrary test or rule can be laid down; but in the case at bar delivery was claimed, and thereafter an actual and continued change of possession insisted upon by the plaintiff, concerning which there was enough testimony to warrant a finding in his favor.   To be sure, the cattle were not driven off the father's farm; but it is quite evident that, after the alleged sale, the son openly claimed to be the owner, and that the father asserted no claim, and ceased to exercise his authority over the stock; all of which was made known to the neighbors.   The court was fully justified in its

refusal to charge, as requested by the appellant, that there was an entire failure of testimony tending to show either delivery or change of possession.

Several objections were made to the introduction of testimony upon the trial, such as defendants' protest to proof of a bill of sale, and a filing thereof with the town clerk; the objection to the introduction of a deed of the homestead to plaintiff; proof that part of the cattle were exempt from seizure and sale upon execution when sold by the father. This all tended towards characterizing the transaction, and impressing upon the minds of the jurors its true character. We see no error in the very many rulings made by the court upon the admission of the testimony offered in plaintiff's behalf.

The defendants complain of several portions of the charge given to the jury, but it seems to us a fair presentation of the issues which were prominent and foremost upon the trial. It is very evident that all through the case defendants' main contention was that the father was not indebted to the son, and that this indebtedness—which was the alleged consideration for the sale of the cattle—was trumped up for the occasion. All other features of the transaction were made secondary to this. The jury undoubtedly believed that there was a *bona fide* debt, and that it was liquidated by the sale of the personal property, fairly and without a fraudulent intent. The evidence was sufficient to justify such belief, and the order refusing a new trial is affirmed.