W. V. LATHROP and another *vs.* JOHN CLAYTON.

December 22, 1890.

Sale — Delivery, etc. — Presumption of Fraud.—Where personal prop-
erty, capable of an actual delivery, has been sold while in the possession
of the vendor, or under his control, such delivery must be made, and
must be followed by a continued change of possession, or the sale will be
presumed fraudulent and void as against the vendor's creditors.

Same—Constructive Delivery, when Sufficient.—But when it happens
that the subject of the sale is not reasonably capable of actual delivery, a
constructive delivery will be sufficient, as in cases where it might not be
impossible, but would be injurious and unusual, to remove the property
from where it happened to be at the time of the transfer.

Findings—Evidence.—Evidence in this case *held* sufficient to sustain the
findings of fact.

Action brought in the district court for Swift county for possession
of certain bridge timber and piles of the value of $250. Defendant
appeals from the judgment entered on the report of S. H. Hudson,
Esq., referee.

*E. T. Young,* for appellant.

*A. D. Countryman* and *M. L. Countryman,* for respondents.

COLLINS, J. Action of claim and delivery, plaintiffs alleging own-
ership of certain bridge timber and oak piling, the defendant justi-
fying as an officer holding a writ of attachment, by virtue of which he
had seized and attached the property as that of J. H. Clough, one
of the defendants named in the writ. The only question in the case
was whether the attached property had been sold, before the seizure,
to plaintiffs by Clough, and with intent to hinder, delay, and defraud
his creditors. On this question, the referee who tried the case found in
plaintiffs' favor. They contend the transaction through which they
claim to have acquired title was a sale in good faith and for a valu-
able consideration, followed by such a delivery and change of posses-
sion as was required under the circumstances, while defendant in-
sists that from the undisputed facts it is apparent that even symbol-
ical delivery was not made, or attempted; that, at most, plaintiffs

took security only on the property, and this was with covinous intent on the part of all concerned.

The defendant offered no testimony upon the trial, and from plaintiffs' witnesses it appeared that J. H. Clough, before mentioned, had entered into a contract with Swift county to build a bridge for it, and, prior to December 12, 1888, had placed on the bank of the river, at the point where the bridge was to cross, all of the timber and the greater portion of the piling in controversy; the balance of the piling being at a railway station in the vicinity. On that day, according to the testimony, he sold out his contract to plaintiffs for a sum of money somewhat less than that which he was to receive from the county, including, as both parties say, the materials then on hand, giving to plaintiffs an order on the county for the contract price. Clough had told his creditor, plaintiff in the attachment proceedings, several days before this, that he had no money with which to go on with the work. On December 13th, at these plaintiffs' request, he executed and delivered a bill of sale, in due form, of the materials, and on December 14th this was filed in the office of the clerk of the town in which the maker resided. A copy was also filed at the same time in another town,—the one in which the materials were then lying, ready for use. On the same day, (December 14th,) the attachment suit was commenced, and the property seized by the defendant officer as belonging to Clough. It had not been removed or handled by plaintiffs in any manner, and they are obliged to acknowledge that, if there had been a constructive delivery, it was solely by virtue of the sale on the 12th, and the execution and delivery of the bill of sale on the day following; for the act of filing either original or copy with a town-clerk was of no avail, except, possibly, as it gave some publicity to the transaction. The statute nowhere authorizes or gives effect to the filing of such instruments in any of the public offices. It does (Gen. St. 1878, c. 39) provide for the filing of chattel mortgages and contracts relating to conditional sales; but this instrument purported to be and was, if anything at all, an absolute and unconditional bill of sale. As before remarked, when the alleged sale was made, the greater part of the material had been hauled and placed on the bank of the river where the bridge was to

be built.   To have made the slightest removal of this, would have been a mere ceremony, very suspicious in fact, and a positive injury to plaintiffs, who had undertaken to fulfil Clough's contract with the county.   Certainly the law would not require this, nor that they put some one upon the ground, openly in possession of the property.   In respect to the piling at the station, it may be said that, as it was attached on the 14th, the plaintiffs would have been compelled to act very promptly had they sought to remove it before it was seized by defendant.   No arbitrary rule can be laid down, as to what will satisfy the statute (Gen. St. 1878, c. 41, § 15) relative to a delivery and change of possession of goods and chattels when sold, for it depends, as was stated in *Tunell* v. *Larson*, 39 Minn. 269, (39 N. W. Rep. 628,) greatly on the kind and nature, the situation of the parties, as well as the circumstances which are peculiar to each case.   It can safely be asserted that whenever the subject of the sale is capable of an actual delivery, such delivery must accompany, and the continued change of possession follow, the sale; but it often happens that the subject of the sale is not reasonably capable of actual delivery, and that a constructive delivery will be sufficient, as in cases like this, where it might not be impossible, but it would be unusual and injurious, to remove the property from where it happened to be at the time of the transfer.   The law relating to the delivery of the property and a change of possession accommodates itself to its nature and situation, as well as to the circumstances about each case.   *Boynton* v. *Veazie,* 24 Me. 286; *Bethel Steam Mill Co.* v. *Brown,* 57 Me. 9; *McKibbin* v. *Martin,* 64 Pa. St. 352; *Kingsley* v. *White,* 57 Vt. 565; *Webster* v. *Anderson,* 42 Mich. 554, (4 N. W. Rep. 288;) *Manton* v. *Moore,* 7 Term R. 67.   We are of the opinion that the testimony in this case was sufficient to satisfy the requirements of the statute as to the delivery to plaintiffs, and a change of possession of the property in dispute, and therefore no presumption existed that the sale was made with the intent claimed by defendant.

But, in addition to the claim that the delivery of the property by the vendor was insufficient, and not a compliance with the statute, defendant insists that a design to hinder, delay, and defraud Clough's creditors clearly appears from an admission made by the only one of

the plaintiffs who testified, that the bill of sale was executed and delivered so that these creditors "could not take" the property. The defendant offered no testimony upon the trial, resting his defence upon that adduced by plaintiffs and on the pleadings. There was nothing in either tending to show that on December 12th, the day on which plaintiffs claim to have purchased the material, or on the 13th, the day Clough executed the bill of sale, he was indebted to the attaching creditor, or to any other person. For aught that appears to the contrary, the indebtedness sued upon on December 14th was incurred that day. No effort was made by defendant to prove that Clough was insolvent, or even that he was in debt, except in the small amount for the recovery of which the attachment suit was brought, or that he was without abundant means to liquidate all just demands against him. The statement or admission before mentioned as made by plaintiff witness does not show of itself, and should not be construed as showing, bad faith when the plaintiffs took the bridge contract, with the materials then ready for use, off from Clough's hands. The referee, when trying the case, could not infer a fraudulent design, and the *onus* of proving the sale to have been made with intent to hinder, delay, or defraud creditors (the statute requiring a delivery and change of possession having been sufficiently complied with) was upon the defendant. *Derby* v. *Gallup*, 5 Minn. 85, (119.) See, also, *Camp* v. *Thompson*, 25 Minn. 175. In passing on the matter of fraudulent intent, the referee determined a question of fact, not one of law. Gen. St. 1878, *c.* 41, § 20; *Vose* v. *Stickney*, 19 Minn. 312, (367;) *Molm* v. *Barton*, 27 Minn. 530, (8 N. W. Rep. 765.) The finding on this question was well supported by the testimony.

Judgment affirmed.