# BARBARA E. M. KROLL v. B. J. MORITZ.[1]

October 21, 1910.

Nos. 16,776—(64).

**Ownership of family property.**

As the statutes of this state give married women the absolute right of property, whether or not a particular item of property which the family uses in common is owned by the husband or wife is a question of fact.

**Same — evidence.**

Evidence *held* to sustain finding of jury.

**Conversion by sheriff.**

The failure by a sheriff to surrender, upon demand by its owner, a stranger to the action, personal property levied upon by the sheriff through his deputy, is a conversion of the property.

Action in the district court for Stearns county to recover $220 for the conversion of certain grain. The defendant justified the taking as sheriff of the county under a writ of attachment directed to him in an action by one Bouck against Andrew Kroll, and alleged that the grain was the property of Andrew Kroll. The reply was a general denial. The case was tried before Taylor, J., and a jury which found in favor of plaintiff and assessed her damages at $210.91. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*C. Rosenmeier* and *Stewart & Brower,* for appellant.

*J. D. Sullivan,* for respondent.

[1]Reported in 127 N. W. 1020.

O'Brien, J.

Plaintiff, with her husband, Andrew Kroll, and their children, occupied as tenants a tract of land in Stearns county. The husband was indebted to one C. W. Bouck, at whose suit a writ of attachment issued against Andrew Kroll, and the deputy sheriff of the county levied upon certain grain which formed part of the crop grown upon the land occupied by the Krolls. Plaintiff brought this action against the sheriff for conversion.

The plaintiff and Andrew Kroll have been married for some seventeen years, during which time they have resided in different places and occupied different farms as tenants. The evidence at the trial was conflicting as to whether the verbal lease of the farm upon which the grain in question was grown was made to the husband or wife. The testimony of the landlord was to the effect that his contract was with the husband. Plaintiff, while admitting that in the negotiations for the lease the husband did most of the talking, claimed that she finally made the contract. The testimony upon behalf of the plaintiff further tended to show that she was the owner of the personal property upon the premises. It also showed that she personally worked in the field, sowing and securing the crops. She claimed, further, that although her husband often hauled the crops to market and received therefor checks payable to himself, the proceeds of the checks were invariably turned over to her. There was some testimony tending to show that the husband was addicted to the excessive use of liquor, and plaintiff's claim was that she had for some time directed the household, and had by her personal efforts accumulated such property as there was, keeping the title in her own name.

Upon behalf of the defendant some transactions were shown which tended to contradict the plaintiff's claim to be the exclusive owner of the personal property upon the farm and the crops raised through the joint efforts of plaintiff and her husband; for instance, several checks for marketing crops were shown, which were payable to the husband and indorsed by him, and a chattel mortgage upon certain personal property was signed by both husband and wife.

Kroll's debt was originally contracted about the year of plaintiff's

marriage, was subsequently put into judgment, and the attachment was issued in an action brought upon that judgment. Plaintiff was not a party. As we understand the record, all of the personalty claimed by the plaintiff as her exclusive property, and of course the crops levied upon, have been acquired since the original judgment against Kroll was entered.

Immediately before the levy of the attachment plaintiff notified the officer serving the writ that she claimed to be the owner of the property, and after possession of the property was taken she caused to be served upon the defendant a notice in the form of an affidavit in which the property taken under the attachment was described, its value given, and it was stated that she was the owner of the property and claimed it as such. The jury returned a verdict for the plaintiff, and this appeal is taken from an order denying defendant's alternative motion.

1. Under section 3606, R. L. 1905, there can be no question that a married woman may own absolutely, in her own right, property of the character here in controversy. Where husband and wife are living together and maintaining a joint home, it is inevitable that each will exercise more or less dominion over property of which, irrespective of absolute title, the family has the beneficial use; so that, when the question of title is presented, it is one of fact, which a jury is peculiarly well fitted to pass upon. An examination of the evidence in this case convinces us that we would not be justified in reversing the order denying a new trial and thereby disturbing the findings of the jury that the plaintiff was the owner. If she was, we must give effect to the statute, which declares the wife's property to be free from the husband's debts.

2. It is claimed that the property had not been converted when this action was commenced, and that no sufficient demand was made upon the defendant. We cannot agree to this. Under the circumstances of this case, it is very doubtful whether any notice of plaintiff's claim, under section 4213, R. L. 1905, was necessary. Wood v. Matter, 88 Minn. 123, 92 N. W. 523, and cases cited. But we think the notice which was served was in any event a sufficient compliance with the statute, and amounted to a demand for a return of the property.

The statements contained in the affidavit covered each of the statutory requirements, so that, even if it could be said that at the time of the seizure of the property it was apparently in the possession of the husband, Andrew Kroll, the statute was complied with by the service of the notice. Carpenter v. Bodkin, 36 Minn. 183, 30 N. W. 453.

3. The levy was made by a deputy sheriff, and was, therefore, the act of the sheriff, the defendant in this action. It must be held that the property remained in his custody and under his control until it was sold under execution. A failure upon the part of the sheriff to deliver the property to the plaintiff when the notice of her claim of ownership was served upon him, was the exercise by him of dominion over it, which amounted to conversion. Molm v. Barton, 27 Minn. 530, 8 N. W. 765.

The order denying a new trial is affirmed.