Merrimack, }
May 2, 1922. }

### FRED S. HILL v. JAMES E. DODGE.

Under the statute of frauds (P. S., c. 215, s. 3), a parol waiver of the acceptance and actual receipt of chattels is ineffectual.

Acceptance and actual receipt, when alone relied upon to satisfy the statute, must be proved by clear and unequivocal acts on the part of the buyer, and no act of the seller alone is sufficient.

If the vendor has possession of chattels at the time of a verbal sale, proof that the vendee thereupon verbally acknowledged the chattels to be his and agreed to "take them" away in three days is insufficient to satisfy the statute.

ASSUMPSIT, for breach of a contract to purchase a yoke of oxen. Trial by jury and verdict for plaintiff. At the April term, 1920, of the superior court a bill of exceptions was allowed by *Branch*, J., to the denial of the motions for a nonsuit and for a directed verdict.

April 7, 1919, the plaintiff showed the oxen to the defendant, and made a price for them. The former testified that on the succeeding Friday the following conversation took place: "He [the defendant] said: 'I thought I would stop and see how you stood on the cattle today?' I said [after some preliminary discussion about the ox's condition]: 'What will you give for them just as they stand?' He looked them all over, walked around and [after the ox had eaten some potatoes and saltpeter] said: 'He is all right, I have worked many an ox every day that acted worse than he does. I said, 'All right, what will you give for them?' He said: '$425 just as I said I would yesterday, for the oxen and everything.' I said: 'By God, you have a yoke of oxen, they are yours.' Nothing further was said about it, only I said: 'You have a yoke of cattle from this moment, they are your oxen from now on.' He said: 'I understand.' I said: 'When will you take them?' He said: 'Monday morning I am coming to Concord with a load and my man is coming over with me and I will take them back.' I said: 'Suppose the ox dies,' and he said: 'He is mine if he dies,' and no more was said about it. That is the trade."

The plaintiff further testified that on Monday, upon inquiry by telephone, the defendant stated that he would be right over, but that shortly after the defendant's foreman telephoned him that the defendant would not take the oxen, and that he could sell them to anyone that he wanted to; that he accordingly sold the oxen for $250.

*Robert W. Upton* (by brief and orally), for the plaintiff.

*Nathaniel E. Martin* and *J. Joseph Doherty* (*Mr. Doherty* orally), for the defendant.

SNOW, J. "No contract for the sale of goods, wares, or merchandise, for the price of thirty-three dollars or more, is valid, unless the buyer accepts and actually receives part of the property sold, or gives something in part payment or in earnest to bind the bargain, or unless some note or memorandum thereof is in writing, and signed by the party to be charged, or by some person by him thereto authorized." P. S., *c.* 215, *s.* 3.

The question presented is whether upon the facts reported, there was any evidence on which the jury could find a receipt and acceptance of the oxen by the defendant to satisfy the requirements of this statute.

The plaintiff contends that manual possession by the defendant was not essential to the acceptance and receipt prescribed by the statute, relying upon *Carter* v. *Willard,* 19 Pick. 1; *Leonard* v. *Davis,* 66 U. S. 476; *Jewett* v. *Warren,* 12 Mass. 300, 302; *Boynton* v. *Veazie,* 24 Me. 286; *Calkins* v. *Lockwood,* 17 Conn. 154; s. c. 42 Am. Dec. 729.

In the first case cited, the goods sold were in the possession of a tenant under a lease and the vendor was not entitled to present possession. In the other cases, the goods consisted of articles of such a ponderous nature that manual delivery was impracticable. Whether in such cases, there may be exceptions to the rule laid down in the statute (*Shindler* v. *Houston,* 1 N. Y. 261, 263; *Shepherd* v. *Pressey,* 32 N. H. 49, 56) is not considered, since the subject of the sale in the instant case was fully in the possession of the vendor and easily capable of manual delivery. Nor is the question of what rule would apply where the buyer is already in possession and control of the goods here involved or considered. See 1 Williston, Contracts, *s.* 554.

The rule in this jurisdiction in the ordinary case is that where receipt and acceptance are alone relied upon to satisfy the terms of the statute, they must be proved by clear and unequivocal acts on the part of the buyer and that no act of the seller alone is sufficient. *Shepherd* v. *Pressey, supra,* 55, 56, 57; *Small* v. *Stevens,* 65 N. H. 209, 210; *Clark* v. *Labreche,* 63 N. H. 397, 399. It is not understood that it was intended by *dicta* in the last case to depart from this rule.

In the case at bar, there was no memorandum or payment in part

or in earnest. Receipt and acceptance are alone depended upon to satisfy the statute. It is not claimed that there was any physical act or conduct evidencing acceptance and receipt or that anything passed between the parties but mere words. But plaintiff contends that from the words spoken, a delivery of the oxen as they stood in the plaintiff's barn can be found. This he claims can be inferred from the assent of the defendant to plaintiff's statement made "in the presence of the oxen" that they were from that moment the property of the defendant, coupled with defendant's agreement to take them away the following Monday and his further statement, made with reference to the sick ox, "He is mine if he dies." Counsel reasons that this evidence warrants a finding that contemporaneously with acceptance and receipt of the oxen by the defendant, the plaintiff undertook, by a new and collateral contract, to act as bailee, agreeing to hold the oxen for the defendant until such time as he could conveniently take them away; that by consenting to such arrangement, the defendant admitted that title had passed and that there had been an acceptance and receipt by him.

The difficulty with plaintiff's contention lies in the fact that the supposed new contract of bailment, if found, does not prove receipt and acceptance by the defendant but simply presupposes that there had been a completed delivery. At most, it was a verbal admission that there had been a waiver of such delivery. The verbal contract of bailment was not an attesting act. It was not evidence of an actual receipt by the vendee which, standing alone, would satisfy the statute. It cannot be claimed that it was any better evidence of receipt and acceptance than would be the admission of the defendant that there had been a verbal waiver of this requirement. Had the defendant admitted on the witness stand that, at the time of the bargain, he verbally agreed to waive acceptance and receipt, it would not bar his right to set up the statute in defence.

A contract invalid under the statute because none of the alternative requisites provided by the statute have been complied with cannot be made valid by a verbal waiver of such requisites. See 1 Williston, Contracts, s. 199. To hold that the statute is avoided by substituting a verbal waiver of a written memorandum, or of the receipt of a part payment, or of the acceptance and receipt of part of the goods is to hold that by verbal agreement the statute may be disregarded. Such a ruling would open the door to every evil the statute was designed to remedy. While a payment in part or earnest, or the receipt and acceptance of a part of the goods sold, may be

proven by parol testimony, it does not follow that parol evidence of a verbal waiver of the requirements of the statute may be received to avoid the statute.

In the absence of evidence of, a different understanding, a vendor has a lien upon goods sold for the price while they remain in his control and custody. *Williams* v. *Moore,* 5 N. H. 235, 236; *Clark* v. *Draper,* 19 N. H. 419, 421, 422; *Clark* v. *Greeley,* 62 N. H. 394, 395, 396; *Paul* v. *Reed,* 52 N. H. 136. Under a fair construction of the plaintiff's testimony, he was to exchange the oxen for the price on the Monday following the bargain on Friday. There is no evidence from which it can be inferred that the plaintiff had parted with his lien. So long as the plaintiff retained his lien upon the oxen for the price under the original contract for sale, the defendant had not acquired that complete dominion and control over the oxen which an acceptance and actual receipt of the property under the terms of the statute implied. *Shepherd* v. *Pressey, supra,* 56; *Clark* v. *Labreche, supra,* 399.

The irreconcilable conflict in the testimony of the parties to this action, upon whose testimony alone the validity of the sale rests, strikingly illustrates the salutary advantages of the statute, the object of which was not only to guard against the dishonesty of parties and the perjury of witnesses, but against the misunderstanding and mistakes of honest men. *Shindler* v. *Houston, supra,* 263.

*Exceptions sustained: verdict set aside: verdict and judgment for the defendant.*

All concurred.