## OTTO KUEFFNER AND ANOTHER v. ELLEN GOTTFRIED.[1]

December 22, 1922.

No. 23,115.

Setting aside service of summons—weight attached to sheriff's return of service.

1. Upon an application to set aside the service of a summons, the sheriff's return of service is strong evidence in plaintiff's favor and its effect can only be overcome by unequivocal, clear and convincing evidence. If service is made by a deputy sheriff, he should make the return for and in the name of the sheriff. But, even though he does not make the return, if the facts relating to the service are shown by the deputy's affidavit, the return, thus supplemented, is entitled to the same weight as though it bore the signature of the deputy.

Refusal to set aside correct.

2. Applying these rules to the facts stated in the opinion, it is *held* that the court did not err in refusing to set aside the service on the

[1]Reported in 191 N. W. 271.

ground that the summons was not left at the house of defendant's usual abode.

Action in the district court for Ramsey county to recover $250 for legal services. Judgment was entered upon default. From an order, Haupt, J., denying her motion to set aside the service of summons and vacate the judgment against her, defendant appealed. Affirmed.

*Butler, Mitchell & Doherty*, for appellant.

*Kueffner & Marks*, for respondents.

LEES, C.

Appeal from an order denying defendant's motion to set aside the service of the summons and vacate the judgment entered against her herein.

The sheriff certified that he served the summons and complaint upon the defendant at the city of St. Paul on December 15, 1920, by leaving a copy at the house of defendant's usual abode with Helen Radmann, a person of suitable age and discretion then residing therein. His return purports to be made by Joseph Ehrmanntraut, as his deputy. In support of her motion, defendant presented ten affidavits, including her own. Either directly or by necessary inference, the affidavits challenge the statement in the return that the house where the summons was left was the house of defendant's usual abode. Plaintiffs presented their own affidavits and one by Ehrmanntraut, in which he stated that he was personally acquainted with defendant and her family, that the house in question was located at Hamline and Larpenteur avenues in the city of St. Paul and was the place where defendant made her home with her mother; that he had gone there at various times to serve papers on different members of the Gottfried family, and went there on December 15 to serve the summons in this action; that he was informed by Helen Radmann that defendant had just gone to town; that he inquired of her whether defendant still lived there and was told she did, and, from his personal acquaintance with the family and information obtained from the members thereof, he stated the fact to be that defendant then resided in the house where the service was made.

Helen Radmann was employed by the Gottfried family as a domestic servant. She made an affidavit, stating that a man she did not know came to the house when she was alone; that she refused to admit him, whereupon he left a paper on the ground and went away; that the paper bore defendant's name, but she never gave it to her; that she kept it for a time, telling no one about it, and did not know what became of it.

Defendant unequivocally asserted that she was not living in the house in question on December 15. She stated that, owing to family dissension, she left home on August 29, 1919, taking her clothing, and only occasionally returned to visit her mother, staying over night at times, but ceased to do so about the middle of October, 1919; that she never again went to the house except on six occasions, when she was informed by her brother that the family was not at home; that on these occasions she took away some of her personal effects, which she had left behind, departing before any of the family returned; that after August 29 she lived at different rooming houses and hotels in St. Paul with Miss Ray Kahn, and in April, 1921, went to Chicago and joined her husband, to whom she was married on August 12, 1919; that on December 15, 1920, and during the whole of the preceding year, she lived at the Aberdeen hotel in St. Paul as Miss Kahn's guest, occupying rooms which Miss Kahn had taken. She disclaimed knowledge of the commencement of the action until after the expiration of the time for redemption from an execution sale of her property. The material portions of her affidavit are well corroborated by the other affidavits she presented.

If the Gottfried house was not defendant's usual place of abode on December 15, 1920, the court had no jurisdiction to render judgment against her. The question was one of fact, and, in reviewing the court's decision, we are governed by the familiar rule that there should not be a reversal if the statements in conflicting affidavits might lead different minds to opposite conclusions as to the fact in question. 1 Dunnell, Minn. Dig. § 410. The foundation for the rule is less substantial where all the evidence is documentary than where it comes from witnesses whom the court sees and hears. Schoeneman v. Sowle, 102 Minn. 466, 113 N. W. 1061. However, it

is the duty of the trial court to determine the facts, and this court would transcend its powers if it assumed to substitute its judgment respecting the facts merely because the evidence was in the form of affidavits.

Upon the issue presented, the sheriff's return was strong evidence in plaintiffs' favor. To overcome its effect as prima facie evidence, the proofs must be "clear and satisfactory," Jensen v. Crevier, 33 Minn. 372, 23 N. W. 541; Allen v. McIntyre, 56 Minn. 351, 57 N. W. 1060; Lunschen v. Peterson, 120 Minn. 288, 139 N. W. 506; "clear and practically conclusive," Vaule v. Miller, 69 Minn. 440, 72 N. W. 452; "positive, satisfactory and convincing," Osman v. Wisted, 78 Minn. 295, 80 N. W. 1127; "unequivocal, clear and convincing," Oertel v. Pierce, 116 Minn. 266, 133 N. W. 797, Ann. Cas. 1913A, 854. Of course all the statements in the return were not entitled to the same weight. The delivery of the summons to Helen Radmann at the Gottfried house on December 15 was a fact within Ehrmann-traut's personal knowledge, but whether the house was defendant's usual place of abode would have to be determined from information he received and a consideration of such facts as were within his personal knowledge. This part of his return was entitled to less weight than the other parts. This is a consideration which weakens the case made out by plaintiffs, but nevertheless we cannot say that it wholly overcomes the effect of the return as prima facie evidence.

Thus far we have assumed that the return was made by deputy sheriff Ehrmanntraut. The original files were submitted for inspection at the argument. They include Ehrmanntraut's affidavit in support of the return, his affidavit of posting notice of the execution sale and the return of service of such notice upon the defendant. Our attention was called to a marked difference in the signature upon the certificate attached to the summons and the signatures upon the other three papers. Evidently Ehrmanntraut did not attach his signature to the certificate. It is, therefore, argued that the return carries no weight as evidence.

A deputy sheriff is not an officer having a separate official existence from that of the sheriff. He must act in the name of the

sheriff. His acts are in law the acts of the sheriff. He is the sheriff's agent. Albrecht v. Long, 25 Minn. 163; Kroll v. Moritz, 112 Minn. 270, 127 N. W. 1120. The better practice is to have the return show that the sheriff made the service by his deputy, thus placing on record the exact truth, but it has been held that a return signed by the sheriff in his own name is sufficient, although the service was actually made by the deputy. Goddard v. Harbour, 56 Kan. 744, 44 Pac. 1055, 54 Am. St. 608. In the instant case, the return is that the sheriff made the service, not that he made it by his deputy, and the return has been made for and in the name of the sheriff by someone else. In fact the service was made by Ehrmanntraut. The return must be read in connection with his affidavit. It matters little who made the return for the sheriff. The important fact is that Ehrmanntraut made the service, acting as the sheriff's agent. Under all the circumstances, we think the return, supplemented by Ehrmanntraut's affidavit, was entitled to the same weight as though Ehrmanntraut had signed it. Notwithstanding the strong showing made by defendant, we have concluded that the order should be permitted to stand.

The judgment was for fees due plaintiffs for legal services and amounted to $270.35. The property sold on execution was four lots, which, according to defendant's affidavit, were worth $2,500. They were bid in by plaintiffs for $303.05. At the argument defendant's counsel offered, in her behalf, to pay plaintiffs this amount with interest and costs if they would transfer their title to defendant. This offer has nothing to do with the merits of the case. Such matters must be left to the dictates of the conscience of an attorney who gets title to the property of a former client as the result of an action to recover fees. A fair adjustment between the parties may well enough be made.

Order affirmed.

DIBELL, J. (dissenting.)
I dissent.