## B. J. CARNEY & COMPANY v. BASTIAN ELECTRIC CONSTRUCTION COMPANY AND OTHERS.

### WOLVERTON STATE BANK, APPELLANT.[1]

May 4, 1923.

No. 23,310.

**Finding as to service of summons.**

1. In this, a mechanic's lien case, the court was justified in finding that the summons was served on the date shown in the sheriff's return, and within a year from the date of furnishing the last item of material.

**Notice to produce.**

2. Though the return of service was not filed until after hearing of a motion to vacate the summons, its production at the hearing was demanded and it has been returned to this court, and we may assume that it was produced as demanded.

**Statutory form of summons valid, if served after complaint has been filed.**

3. Where the complaint in a mechanic's lien suit is filed before the summons is served, the summons, if in statutory form, is valid.

Action in the district court for Wilkin county to foreclose a mechanic's lien of $1,135.43. From an order, Flaherty, J., denying its motion to vacate the service of summons upon it, defendant bank appealed. Affirmed.

*Lewis E. Jones*, for appellant.

*Garfield H. Rustad*, for respondent.

HALLAM, J.

This action was brought in Wilkin county to foreclose a mechanic's lien. The complaint was filed with the clerk of the district court of Wilkin county, August 19, 1922. It alleged the sale and delivery of the material for which a lien is claimed, on August 20, 1921. No other papers having been filed with the clerk, defendant Wolverton State Bank appeared specially in September, 1922, and moved to vacate the service of the summons. Accompanying the notice of

[1]Reported in 193 N. W. 697.

motion is a copy of the summons served on said bank, bearing date August 17, 1922, and an affidavit of said defendant's attorney stating that said summons was served on defendant bank August 21, 1922. The notice of motion demanded production in court, at the time of the hearing, of the original summons with the sheriff's return thereon, and date of receipt thereof by him. The files returned to us contain the original summons, with the return of the sheriff of Wilkin county certifying to the service of the summons on T. E. Knudson, president of defendant bank, in Wilkin county, on August 19, 1922, and the return of the sheriff of Clay county, showing service of the summons on the other defendants on the same day. The summons, with these returns, is stamped by the clerk as filed November 28, 1922. On November 28, 1922, there was also filed with the clerk of the district court a notice of lis pendens with an indorsement of the register of deeds of Wilkin county that the same was filed in his office August 19, 1922. The court denied the motion to vacate the service of the summons and defendant bank appeals.

1. On this appeal the defendant contends that the summons was not served on this defendant within one year after the date of the last item of plaintiff's claim, as required by G. S. 1913, § 7030. The sheriff's return certified August 19, shows service on that day and within the year. The court was warranted in finding that service was made according to the sheriff's return. Kueffner & Marks v. Gottfried, 154 Minn. 70, 191 N. W. 271.

2. Defendant contends that, since the summons was not filed until after the date of the trial court's order, it cannot be considered as evidence of the date of service. As above stated, defendant demanded production of the original summons and return on the hearing, and these documents have been returned by the clerk to this court. We may assume that the summons and return were so produced, and in any event the record of the clerk's office is now such that but one conclusion could well be reached as to the date of service.

The record is also decisive of service of the other necessary defendants within the year.

3. Our statute provides that "the summons shall state that the complaint has been filed with the clerk and shall be of no effect unless such complaint be in fact so filed." G. S. 1913, § 7029. The summons in this case states that the complaint was filed with the clerk, but defendant contends that, since it was dated August 17, this shows that it was issued and signed on that date, and that the recital that the complaint had been filed was a misstatement of fact and that the summons was therefore void. We are not unmindful that a summons may in some cases be deemed issued before it is served, but as a general rule the service of the summons is the commencement of the action. G. S. 1913, § 7728. We are of the opinion that where, as in this case, the complaint is filed before the service of the summons, section 7029 is fully complied with.

Order affirmed.