## W. F. ANDREWS v. MARION S. WICKLUND AND OTHERS.[1]

May 3, 1940.

No. 32,333.

[1]Reported in 292 N. W. 251.

*R. C. Andrews,* for appellant.
*Donald J. Kelly,* for respondents.

GALLAGHER, CHIEF JUSTICE.

Plaintiff, a judgment creditor of defendant A. W. Hample, who died on March 21, 1938, instituted this action, after a writ of execution had been returned unsatisfied, against defendants to have the transfer of decedent's business and assets, as a sole trader, to defendant corporation and certain conveyances of real estate by decedent to defendant Wicklund set aside as fraudulent. At the close of the plaintiff's case defendants moved for

a dismissal. The trial court made findings of fact and conclusions of law to the effect that plaintiff was not entitled to relief, and judgment of dismissal, with prejudice, was ordered. Plaintiff's motion for amended findings or a new trial was denied, and from the judgment thereupon entered he appeals.

The trial court found, in substance, that prior to 1929 Axel W. Hample was engaged as a sole trader in the business of ruling paper for commercial and business purposes. On November 4, 1929, at a time when Hample was occupying as a month-to-month tenant premises owned by plaintiff and was indebted to plaintiff for rent for the months of October and November, 1929, he and his wife executed and delivered to Marion S. Wicklund four warranty deeds thereby conveying to her certain lots in the city of Minneapolis. Three of these deeds were filed for record in the office of the register of deeds for Hennepin county, and the fourth was registered in the office of the registrar of titles for that county.

On December 3, 1929, at a time when defendant Axel W. Hample was indebted to plaintiff in the sum of $100 for rent for the months of November and December, 1929, he sold and conveyed his business to a corporation known as the Hample Ruling Company, for which that corporation issued shares of stock of the par value of $10,000 to persons designated by him. The corporation was duly organized under the laws of this state, and its articles of incorporation were duly filed in the office of the secretary of state on November 30, 1929, and in the office of the register of deeds of Hennepin county on December 2, 1929.

On November 4, 1929, when the real estate in question was conveyed and on December 3, 1929, when the business was sold and assigned, defendant Axel W. Hample had no unsecured debts other than the claim of plaintiff for rent then due. This rent was subsequently paid; that for October, 1929, on November 15; and that for the months of November and December, 1929, on January 30, 1930. On November 4 and December 3, 1929, de-

fendant Hample was solvent and fully able to meet his obligations as they fell due.

On April 14, 1936, plaintiff obtained a judgment against Hample for the sum of $1,143. This amount represents rent due from November 1, 1932, to June 30, 1934, in the sum of $684.25 and the balance of a note for $480 executed and delivered to plaintiff by defendant on July 15, 1930, and which became due on October 15, 1930, since when only $226.25 has been paid thereon.

The ultimate finding of the trial court was that "the sale and transfer of said real estate to Marion S. Wicklund and of said business to Hample Ruling Company, a corporation, was made without intent to hinder, delay, or defraud existing or subsequent creditors of Axel W. Hample" and that "there is no evidence that there is any claim against the defendant Axel W. Hample which antedated the said transfer" and "no evidence that there is any creditor of Axel W. Hample other than the plaintiff."

Appellant contends that (1) in the absence of a finding that the transfer to defendant corporation was made in good faith, the dismissal of plaintiff's suit was erroneous; (2) the transfer of decedent's business to defendant corporation was fraudulent as to creditors under 2 Mason Minn. St. 1927, § 8467, and defendants are estopped to claim that it was not; (3) decedent's solvency at the time of the transfer does not prevent it from being characterized as fraudulent; (4) the court's finding as to the date of delivery of the deed to the so-called Torrens property was erroneous, but taking the date as it must be found, the transfer was fraudulent as to plaintiff; (5) the evidence warranted, if it did not compel, a finding that the transfers to defendant corporation and to defendant Wicklund were upon a secret trust fraudulent as to plaintiff; (6) certain sums paid out by defendant for taxes on the property conveyed to defendant Wicklund were transfers fraudulent as to plaintiff; (7) the court erred in refusing to permit plaintiff to testify that he did not notice certain changes in rent checks after the business in question was incorporated; and (8) judgment for plaintiff should have been granted.

1. While the trial court found that the transfer of defendant Hample's business to defendant corporation was made without intent to hinder, delay, or defraud existing or subsequent creditors of Axel W. Hample, it did not expressly find that the transfer was made in good faith. For this reason, appellant contends that the dismissal of plaintiff's suit was erroneous. This point is raised for the first time on appeal and will not be considered. Flanigan v. Pomeroy, 85 Minn. 264, 88 N. W. 761; 1 Dunnell, Minn. Dig. (2 ed. & Supps.) §§ 384, 388a. In any event, the finding that the transfer was made without intent to hinder, delay, or defraud existing or subsequent creditors is, for all practical purposes, one that necessarily implies good faith on the part of the transferor.

2. 2 Mason Minn. St. 1927, § 8467, provides:

"Every sale by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, unless the same is accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things sold or assigned, shall be presumed to be fraudulent and void as against the creditors of the vendor or assignor and subsequent purchasers in good faith, unless those claiming under such sale or assignment make it appear that the same was made in good faith, and without any intent to hinder, delay, or defraud such creditors or purchasers. The term 'creditors,' as herein used, shall include all persons who are creditors of the vendor or assignor, at any time while such goods and chattels remain in his possession or under his control."

Appellant argues that the transfer of the business of Axel W. Hample to defendant corporation was fraudulent as to creditors under this section and defendants are estopped to claim that it was not. The argumentative basis for this contention appears to be (1) that a change of possession did not follow the transfer of the Hample business to defendant corporation; and (2) that possession, having remained in the vendor, it follows as a matter of law that the transfer was in fraud of his creditors.

In Tunell v. Larson, 39 Minn. 269, 270, 39 N. W. 628, this court said:

"Precisely what constitutes a delivery and change of possession must depend largely upon the kind and nature of the chattels, the situation of the parties, and other circumstances peculiar to each case."

The trial court was justified in concluding that there was a change of possession in the case now before us. The corporation was not secretly organized. Its articles of incorporation were published as required by law and placed on file at the offices of the Hennepin county register of deeds and the secretary of state. The corporation's books of account show that a transfer of assets was made to it. The Hample Ruling Company made tax returns required of corporations. Meetings of the corporation were held and the minutes kept. The checks issued in payment of rent were signed by A. W. Hample as treasurer of the Hample Ruling Company rather than as proprietor. This is of particular significance in this case because checks given to plaintiff by defendant Axel Hample before incorporation were signed by him as proprietor. These indicia that the business had incorporated should not have escaped the attention of plaintiff, a man with considerable business experience, who often visited the Hample Ruling Company.

It is true that no finding that there had been a change of possession was made by the trial court. We may, however, infer from the fact that the court regarded the transfer to have been made without intent to hinder, delay, or defraud creditors that it found § 8467 inapplicable.

3. Appellant's contention that decedent's solvency at the time of the transfer does not prevent it from being characterized as fraudulent is sound. Lind v. O. N. Johnson Co. 204 Minn. 30, 282 N. W. 661, 119 A. L. R. 1269. But the solvency of defendant Hample at the time he made the transfers is a very persuasive item of evidence sufficient, together with other evidence disclosed

by the record, to justify the trial court in concluding that the transfers and conveyances involved were made in good faith.

4. The argument that the trial court erred in finding that the so-called Torrens property deed was delivered on November 4, 1929, is based on an admitted allegation contained in plaintiff's complaint which reads:

"At the same time [November 4, 1929] defendants Axel W. Hample and Hilda V. Hample, his wife, executed to defendant Marion S. Wicklund their conveyance in writing wherein and whereby they purported to convey to her Lot 11, Block 1, in John S. King's Addition to Minneapolis, which conveyance was thereafter delivered and filed and registered in the office of the Registrar of Titles in and for said county of Hennepin on or about December 30, 1933, * * *"

We do not think it can be said that an admission of this allegation constituted an admission that the deed in question was delivered on December 30, 1933. The allegation is ambiguous and misleading insofar as the element of delivery is concerned, and the trial court might properly have construed it to mean that the deed was executed on November 4, 1929, and was thereafter delivered, the time of delivery not being specified. Applying the rule that an allegation that an instrument is executed ordinarily includes its delivery (Cash v. Concordia F. Ins. Co. 111 Minn. 162, 126 N. W. 524), the court was free to find as it did. The meager evidence on the question appearing in the record supports the finding.

5. Appellant's claim that the transfer of the Hample Ruling Company business to defendant corporation was upon a secret trust is without support in the evidence. There is a complete absence of evidence showing that the profits of the corporation went to defendant Hample alone. We can find no motive which could have prompted Hample to attempt to set up a secret trust. He was solvent at the time of the transfer of the business to defendant corporation. His only debts, so far as the record

shows, were the overdue rent payments for November and December, 1929, which were paid the following month. It does not appear that he was at that time threatened with liability on the note here involved which he had signed to accommodate another of plaintiff's tenants. It is true that defendant corporation was delinquent on subsequent rent payments. It has not been made to appear, however, that the assets transferred to defendant corporation by defendant Hample would be free from execution in the event that an action was brought against it for the rent which became due while it was occupying the premises of plaintiff.

It is also contended that defendant Hample made certain tax payments on the property conveyed by him to defendant Wicklund and also took any profits derived from this property. Evidence on this point is also very scanty. Such evidence as was adduced indicates that the money derived from rental on the property conveyed to defendant Wicklund was put in a common account to which both defendant Hample and defendant Wicklund had access. The court could reasonably conclude, as it apparently did, that Miss Wicklund was the owner of any balance which remained after expenses incurred by reason of the property were paid out of the money derived therefrom.

6. Since, as we have seen, the evidence supports the conclusion that the money paid for taxes by A. W. Hample on the land conveyed to defendant Wicklund was paid out of revenues derived from that property, it cannot be said that the trial court was required to find that the taxes were paid by defendant Hample in fraud of his creditors.

7. Certain checks were introduced in evidence showing payment by Hample Ruling Company, "A. W. Hample, Treasurer," to plaintiff for rent. Previous checks had been signed "A. W. Hample, Prop." It is argued that the testimony of plaintiff's bookkeeper to the effect that she did not notice the change was improperly excluded. To this claim we see no merit.

412

8. The record does not disclose that a motion by plaintiff for judgment was made. If such was made and denied, there was no error.

Affirmed.